No. 12,902.

NORQUIST *v.* NORQUIST.
(4 P. [2d] 306)

Decided October 5, 1931.

Mr. John P. James, for plaintiff in error.

Mr. Edwin N. Burdick, for defendant in error.

*En Banc.*

Mr. Chief Justice Adams delivered the opinion of the court.

Plaintiff in error, hereafter called the defendant, was adjudged guilty of contempt of the district court and brings the cause here for review. He asks for a supersedeas and a reversal on the ground that the trial court acted without jurisdiction over his person.

The essential facts are undisputed. In or about the year 1925, defendant in error, hereinafter called plaintiff, sued defendant for divorce in the Denver district court. Both parties appeared, defendant filed an answer and cross complaint, but later did not contest. In March, 1925, findings of fact and conclusions of law in plain-

tiff's favor were entered, and the court then ordered defendant to make certain monthly payments into the registry of the court for the support, maintenance and education of the minor children of the parties. The terms of the order were pursuant to a mutual agreement between plaintiff and defendant. Defendant partially complied with the order, but later became delinquent and is still in arrears. In February, 1928, plaintiff obtained a decree of divorce.

In November, 1927, defendant left Colorado and took up his residence in the state of California. In 1930, a criminal complaint was filed against him before a justice of the peace in Denver, charging him with non-support. He was extradited, brought back to Colorado and incarcerated in the county jail in Denver. The district attorney caused the dismissal of the proceedings before the justice of the peace, and brought a similar action in the juvenile court in Denver. It was there tried to a jury and defendant was acquitted.

In December, 1930, while defendant was in jail in Denver, awaiting trial of the case in the juvenile court, plaintiff filed a petition in the old case in the district court, wherein she recited defendant's failure to comply with the order there made for the payment of money, and asked that he be required to give an appearance bond, which he did. After defendant's acquittal in the criminal case in the juvenile court, further proceedings were had in the case in the district court, whereby plaintiff was ordered to pay the sum of twenty dollars per week as support money, which he failed to do. In consequence, in May, 1931, the district court ordered defendant committed to the county jail for contempt. The court refused to vacate the order and defendant brings error.

1. The only errors assigned are in substance: (1) That the court erred in overruling defendant's motion to vacate the contempt order; and (2) in holding that the court had jurisdiction over defendant's person.

In the brief of defendant's counsel he rightly recognizes our former decisions that in reviewing contempt proceedings we are confined to the inquiry, whether the trial court had jurisdiction and regularly pursued its authority. *Fort v. People,* 81 Colo. 420, 256 Pac. 325; *Heil v. Hubbell,* 80 Colo. 452, 252 Pac. 343.

■ 2. Defendant challenges the jurisdiction of the district court on the ground that he was exempt from service of process in this state in a civil action (the divorce suit in question), while being detained under criminal process on his extradition from the state of California, and while attending or returning from his trial. The only decision of this court, cited by counsel as favoring his proposition is *Kelly v. Pennington,* 78 Colo. 482, 242 Pac. 681, 45 A. L. R. 339, but it cannot be said to apply here. In that case, one Gibbs had been induced to come to Colorado from the state of Nebraska for the purpose of testifying at a trial in Denver. While in this state, solely as a witness, he was summoned as a defendant in a civil suit. The trial court held him to be exempt from such process and we affirmed the judgment. In the Kelly opinion, Mr. Justice Campbell pointed out the lack of unanimity in the authorities, and said, "* * * we limit our decision to the case in hand * * *." The case now before us, relating to immunity from service of civil process on a person extradited from a foreign state on a criminal charge, is one of first impression in this jurisdiction. A leading case denying such exemption is *Netograph Mfg. Co. v. Scrugham,* 197 N. Y. 377, 90 N. E. 962, 134 A. S. R. 886, 27 L. R. A. (N. S.) 333. That decision is cited in 21 R. C. L., page 1313, section 60, as authority for the text that: "Since the obvious reason of the rule is to encourage voluntary attendance on courts, and to expedite the administration of justice, that reason fails when a suitor or witness is brought into the jurisdiction of a court while under arrest or other compulsion of law. Such a suitor or witness does nothing to encourage or promote voluntary submission to

490

judicial proceedings. He comes because he cannot do otherwise." The rule is discussed under the heading "Persons Charged with Crime," in 21 R. C. L., pages 1313, 1314, section 60, above cited, and in 50 C. J., pages 556, 557, sections 242, 243, and cases there cited. They serve to accentuate the differences of opinion entertained by various courts, but regardless of majority or minority rules, we must adhere to our practice as stated in *Kelly v. Pennington, supra,* to "limit our decision to the case in hand." We do not hold that defendant was exempt as claimed under the circumstances here related, but conceding for the nonce that his counsel is correct, nevertheless, the exemption, if it ever existed, has been waived as we shall presently show.

3. The following dates and orders made after defendant's return to this state are significant: December 30, 1930, the district court ordered a body attachment against defendant and directed bond in the sum of one thousand dollars. January 16, 1931, bond was reduced to the sum of five hundred dollars and defendant gave it. January 20, 1931, order on defendant for payment of twenty dollars per week. May 23, 1931, on citation, defendant was ordered committed to jail for contempt. May 25, 1931, writ of commitment issued. May 26, 1931, defendant moved to vacate the contempt order and all other orders since the divorce was granted.

The record shows no objection to any of the above orders or proceedings until May 26, 1931, when defendant claimed immunity from service of process or arrest for the first time.

As said in 5 C. J., page 470, section [151] b: "Exemption from arrest is a personal privilege, which the privileged person may waive, and which he must claim at an appropriate stage of the proceedings, either by motion or by plea in abatement."

As to immunity from service of civil process, the following quotation from 50 C. J., page 558, section [251] 10, is applicable: "The immunity being personal

in its nature, service of civil process on one who is entitled to immunity from such service is not void, but merely voidable; and the immunity may be waived or lost by acts or omissions of a party otherwise entitled thereto.'' Citing numerous cases.

According to the record, defendant's objections to the jurisdiction of the court over his person were not made until about five months after the original order for body attachment and until after the completion of all orders except the order overruling the motion to vacate the previous orders. He thus repeatedly submitted to the jurisdiction of the court, if such submission was necessary, and his objections came too late.

4. We have not lost sight of the fact that the district court acquired complete jurisdiction long before the criminal proceedings were instituted, although the power of the court to make its orders effective was temporarily impaired, but not destroyed, by defendant's disregard of its mandate and his departure from the realm. As frequently said, the support and education of minors, unlike ordinary civil controversies, is a matter in which the interests of the state are involved. All these considerations make us the more unwilling to interfere with the trial court in the exercise of its discretionary powers. It pursued its authority regularly. Defendant's counsel argues that plaintiff was guilty of fraud, but there is no evidence whatever to support such an accusation.

Judgment affirmed.