**Daniel CURRAN, Petitioner,**
v.
**UNITED STATES of America, Respondent.**
**No. 146.**

United States District Court,
D. Delaware.
Aug. 16, 1971.

John C. S. Frank, Wilmington, Del., for petitioner.

## OPINION

LAYTON, District Judge.

Petition to the United States District Court for the District of Delaware by defendant in a Delaware State Court prosecution to produce by way of a writ of habeas corpus ad testificandum an inmate of the federal prison at Lewisburg, Pennsylvania, to testify on defendant's behalf in such State Court proceeding. Petition denied.

The form of order accompanying the petition for the issuance of the writ not only would have this Court direct the State of Delaware to pay the expenses of producing the witness but also is unaccompanied by any order from the Delaware Court before which the case is to be tried certifying the need for the witness or authorizing the payment by the State of Delaware of the costs of producing the witness. Most importantly, the United States Marshal informed the Court that it would have been impossible, because of lack of time, to transport and deliver the witness from Lewisburg for trial in Delaware on the day set for trial.

Title 28 Sec. 2241(c) (5) provides only that a writ of habeas corpus shall not extend to a prisoner "unless (5) * * * it is necessary to bring him into Court to testify * * *."

Speaking generally, in Lunsford v. Hudspeth, 126 F.2d 653 (10 Cir. 1942), Judge Murrah made this statement:

"As an easy and flexible means of administering justice and of affording each sovereignty the right and opportunity to exhaust its remedy for wrongs committed against it, there has evolved the now well established rule of comity which is reciprocal, whereby one sovereignty having exclusive jurisdiction of a person may temporarily waive its right to the exclusive jurisdiction of such person for purposes of trial in the courts of another sovereignty. Thus the offender

is accorded a speedy trial and the administration of justice is expedited by the availability of evidence, which might through lapse of time be lost, but such a waiver is a matter addressed solely to the discretion of the sovereignty, or its representatives having power to grant it. Ponzi v. Fessenden [258 U.S. 254, 42 S.Ct. 309, 66 L.Ed. 607], supra, and Ex parte Aubert, D. C., 51 F.2d 136. The privileges granted by this flexible rule of comity should and must be respected by the sovereignty to which it is made available, and this respectful duty is reciprocal, whether federal or state, because neither sovereignty has the power to override it. Under the free exercise of this rule, no right or immunity granted by the constitution, laws, or treaties of the United States, is invaded or impaired."

And, more particularly, in Barber v. Page, 390 U.S. 719, 88 S.Ct. 1318, 20 L. Ed.2d 255 (724), the Supreme Court stated:

"For example, in the case of a prospective witness currently in federal custody, 28 U.S.C. § 2241(c) (5) gives federal courts the power to issue writs of habeas corpus ad testificandum at the request of state prosecutorial authorities. See Gilmore v. United States, 129 F.2d 199, 202 (C.A. 10th Cir. 1942); United States v. McGaha, 205 F.Supp. 949 (D.C.E.D. Tenn.1962). *In addition, it is the policy of the United States Bureau of Prisons to permit federal prisoners to testify in state court criminal proceedings pursuant to writs of habeas corpus ad testificandum issued out of state* courts. Cf. Lawrence v. Willingham, 373 F.2d 731 (C.A. 10th Cir. 1967) (habeas corpus ad prosequendum)." (Emphasis supplied.)

■ From the extracts of the quoted decision, two underlying principles may be deduced. No sovereign power may interfere with, or lay claim to, the custody of a prisoner legally incarcerated in the jails of another sovereign power, except that upon a proper showing, and as a matter of comity, one sovereign power will permit another sovereign power to have temporary custody of a prisoner then in the jails of the former either to stand trial, or testify in a trial to be conducted in the Courts of the latter.

■ Here, Carney is in a federal prison in Lewisburg, Pa., and we have a petition on behalf of defendant's counsel for the issuance of a writ of habeas corpus ad testificandum for the delivery of Carney by the federal Marshal to testify in a Delaware State Court prosecution. In such circumstances, according to the authorities, alternative procedures would appear to be permissible. Common sense would dictate that the preferred procedure would be for defense counsel to petition, not the federal District Court, but the State Court where the trial is to be held, for the issuance of the writ. Not only does the power to issue such a writ exist in a State Court but it is peculiarly within the knowledge of the State Court whether (1) the presence of the federal prisoner as a witness is necessary to aid the defense and (2) whether the defendant is without the necessary funds to pay for transporting the prisoner from a federal prison to the scene of the State Court trial. Upon the issuance of such a writ by the proper state court and service thereof upon the Marshal (together with the costs for transportation), he will honor it as a matter of policy, obviously growing out of reasons of comity. Barber v. Page, supra.

■ It would seem, of course, that such an application may be made directly to the federal court, *but particularly in the case of a petition on behalf of a defendant*,[1] it is not desirable because

---

1. In a petition on behalf of the Delaware Attorney General's office, the petition is, as a matter of practice, always accompanied by the proffer of sufficient funds to transport the witness or defendant to the State Court trial and such petition carries with it the strong presumption that the witness is necessary to the prosecution.

this Court does not have the same intimate knowledge as to the compelling need for the presence of the (prisoner) witness in aid of the defense and, moreover, because it questions its power to enter an order directing the sovereign State of Delaware to pay the costs of transportation.

For the reasons stated and particularly because of the Marshal's expressed doubt that he could have delivered the prisoner to the proper Delaware Court on the trial date in any event, this Court refused to exercise its discretion to grant the writ.[2]

2. See Order of this Court entered August 11, 1971 denying defendant's petition to have Carney delivered by the United States Marshal from Lewisburg, Pa. to Wilmington, Delaware to testify at petitioner's trial.