MR. JUSTICE CARRIGAN
delivered the opinion of the Court.
The petitioner brought this original proceeding pursuant to C.A.R. 21, seeking relief in the nature of prohibition or mandamus. His petition challenges the jurisdiction of the respondent trial court to proceed further against him, alleging that he has been denied his right to a speedy trial as *438 provided by the Agreement on Detainers, section 24-60-501, C.R.S. 1973. We issued a rule to show cause, and now discharge the rule.
The petitioner is charged in the respondent trial court with two counts of theft. Because the petitioner was incarcerated in Nebraska when Colorado proceedings were commenced against him, the Eagle County district attorney lodged a detainer against him to obtain his presence in Colorado. See section 24-60-501, C.R.S. 1973. The petitioner, pursuant to Article III of the Agreement on Detainers, requested a final disposition of the de-tainer. His request and all required documents were received by the district attorney and the respondent district court on March 31, 1977.
The petitioner was not returned to Colorado until July 13, 1977. Since then he has been represented by the Colorado Public Defender’s Office. A preliminary hearing was held on August 19, 1977, at which time probable cause was determined. Although the petitioner’s counsel requested an earlier date, the trial judge had no time available until August 29, 1977, and the case was bound over to that date. On August 29, the court granted the petitioner’s request for ten days in which to file motions. Motions were argued September 27, 1977, and the case was continued to October 6, 1977, to allow preparation of the motion to dismiss from which this original proceeding arose. That motion was denied.
The petitioner contends that, since he was not brought to trial within the 180-day period mandated by the Agreement on Detainers, the respondent court should have granted the motion to dismiss. We do not agree.
I.
An accused person’s right to a speedy trial is ultimately grounded on the federal and state constitutions. U. S. Const, amend. VI; Colo. Const. Art. II, Sec. 16. Statutes relating to speedy trial are intended to render these constitutional guarantees more effective. Chambers v. District Court, 180 Colo. 241, 504 P.2d 340 (1972); Ex parte Schechtel, 103 Colo. 77, 82 P.2d 762 (1938).
The first issue raised here involves a conflict between the speedy trial guarantees of the Agreement on Detainers[1] and the provisions generally applicable to criminal proceedings. Section 18-1 -405, C.R.S. 1973, and Crim. P. 48. The pertinent portion of the Agreement on Detainers provides:
“(a) Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information, or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within one hundred eighty days after he shall have *439 caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer’s jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint; provided that for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance.” (Section 24-60-501, Art. III(a), C.R.S. 1973. Emphasis added.)
The petitioner caused the appropriate papers to be delivered to the district attorney and trial judge on March 31, 1977. Therefore, he contends, September 27, 1977, was the last day he could have been brought to trial.
On the other hand, Crim. P. 48 and section 18-1-405 provide that a criminal defendant generally must be brought to trial within six months after entering a plea of not guilty. The respondent argues that these latter provisions should prevail, and that under their requirements the petitioner’s rights have not been violated because he did not enter a not guilty plea until September 27, 1977.
The Agreement on Detainers is a special statute designed to promote the orderly and expeditious disposition of outstanding charges against persons incarcerated in other states. Section 24-60-501, Art. 1, C.R.S. 1973; Brown v. District Court, 194 Colo. 225, 571 P.2d 1091. The speedy trial provisions are designed to foster more effective prisoner treatment and rehabilitation by eliminating, as expeditiously as possible, the uncertainties surrounding outstanding criminal charges. Accordingly, the states which adopted the Agreement, including Colorado, strictly limited the time a prisoner could be held by the receiving state before being brought to trial. We hold that these special time limitations prevail, when conflicts arise, over the more general criminal procedure provisions of section 18-1-405, C.R.S. 1973, and Crim. P. 48.
This conclusion is supported by the terms of the Criminal Code and the Rules of Criminal Procedure as well. The Rules, by their own terms, are not applicable to any “special proceedings where a statutory procedure inconsistent with these Rules is provided.” Crim. P. 54(b) (2). The Criminal Code declares that the purpose of Part Four (which includes section 18-1-405) is to provide accused persons certain benefits “in implementation of minimum standards of criminal justice within the concept of due process of law.” Section 18-1-401, C.R.S. 1973 (emphasis added). See also section 18-1-102(d), C.R.S. 1973. The General Assembly has determined, based on the considerations discussed above, that persons brought to trial under the Agreement on Detainers are entitled to a stricter standard than the Criminal Code’s minimum protections. Therefore, in the event of a conflict, the specific provisions of the Agreement control.
*440 II.
Under the applicable provisions of the detainer agreement, however, it is evident that the petitioner’s right to a speedy trial has not been violated in this case.
The detainer agreement specifically provides, in Article III, that the trial court may grant “any necessary or reasonable continuance” if good cause is shown and the defendant or his counsel is present. In this case, on August 29, 1977, the district court granted the petitioner’s request for ten days in which to file motions, and further proceedings were consequently delayed until September 27. It is true that the petitioner did not specifically request, and the district court did not formally grant, a “continuance.” Nonetheless, since substance must prevail over mere form, we hold that the court’s postponement of the proceedings was a continuance as contemplated by the Agreement’s speedy trial provision.
A continuance is generally defined as any “adjournment” or “postponement of an action pending in a court, to a subsequent day of the same or another term.” Black’s Law Dictionary 392 (rev. 4th ed. 1968). See also 17 Am. Jur. 2d Continuance §1. The time granted at the petitioner’s request to allow him to prepare and file motions clearly constituted a continuance within that broad definition whether or not it was so labelled.
Moreover, the detainer agreement expressly allows for reasonable and necessary continuances to obviate requiring either party to sacrifice adequate trial preparation in order to meet the 180-day limit. Such preparation was clearly the purpose of the delays in this case. A defendant should not be allowed to obtain a dismissal by reason of a delay which he requested simply because a specific label was not attached to the delay when he requested it or the court granted it. Therefore, the entire delay attributable to the petitioner’s request[2] must be subtracted from the 180-day period.
Finally, we note that a second continuance was granted on September 27 to allow the petitioner to prepare his speedy trial motion. When the trial court denied that motion on October 6, the case was again continued to allow the petitioner to bring this original proceeding. Thus, the running of the 180-day period has been continuously tolled since the first continuance was granted on August 29. As of that date, 150 days of the time period had expired; therefore thirty days from the time the remand is received by the respondent remain in which the petitioner may be brought to trial, absent further continuances.
*441 The rule to show cause is discharged.
MR. JUSTICE ERICKSON does not participate.

Section 24-60-501, C.R.S. 1973.

Although the petitioner only requested ten days to prepare motions for filing, that request necessarily initiated a longer delay. Under Crim. P. 45(d), the court could not hear the motions until at least five days after they were served on the district attorney.