## No. 79SA90

### Melvin Bell v. Ernest D. Bower, Sheriff of Weld County

(606 P.2d 74)

Decided February 11, 1980.

---

Melvin Bell, Pro se.

J. D. MacFarlane, Attorney General, Richard F. Hennessey, Deputy, Edward G. Donovan, Solicitor General, Lynn Ford, Assistant Attorney General, Litigation Section, for respondent-appellee.

*En Banc.*

JUSTICE LEE delivered the opinion of the Court.

Appellant Melvin Bell appeals from the dismissal by the district court of his petition for writ of habeas corpus. We affirm the district court.

Appellant was sentenced in federal court in Wyoming for violation of the Mann Act. While confined in the Laramie County Jail in Cheyenne, Wyoming, pending transfer to federal prison, and without the benefit of extradition proceedings, he was removed from the Wyoming jail by U. S. Marshalls and turned over to officers of the Weld County, Colorado, sheriff's department. He was then brought to Weld County and charged with first-degree sexual assault. After trial, he was convicted of second-degree sexual assault. Appellant petitioned for a writ of habeas corpus, contending that his Colorado conviction is invalid because he was unlawfully removed from Wyoming by the Weld County sheriff. We do not agree.

The law on this question is well established: "The circumstances by which an accused person comes before a court have no bearing on the court's power to try him. *Frisbee v. Collins,* 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541 (1952). A court which has jurisdiction of the subject matter of the criminal prosecution need not inquire how a defendant was brought before it; his presence in court is sufficient to confer jurisdiction over his person. *Massey v. People,* 179 Colo. 167, 498 P.2d 953 (1972); *DeBaca v. Trujillo,* 167 Colo. 311, 447 P.2d 533 (1968)." *Brown v. Dist. Ct.,* 194 Colo. 225, 571 P.2d 1091 (1977).

The manner by which appellant was brought to Colorado, therefore, has no bearing on the validity of appellant's conviction, and the district court was correct in dismissing the habeas corpus proceeding.

Accordingly, we affirm the judgment.