Seth Allan YELLEN,
Petitioner-Appellant,

v.

Ed D. NELSON, Sheriff, Arapahoe
County, Colorado,
Respondent-Appellee.

No. 83SA27.

Supreme Court of Colorado,
En Banc.

April 23, 1984.

William Sublette, Denver, for petitioner-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Richard H. For-man, Sol. Gen., Robert M. Petrusak, Asst. Atty. Gen., Denver, for respondent-appellee.

ERICKSON, Chief Justice.

Seth Allan Yellen, appellant, appeals from the denial of his petition for a writ of habeas corpus. We affirm the district court.

## I.

Appellant was convicted of aggravated robbery in Arapahoe County. He was granted bond pending appeal in the amount of $10,000 and left Colorado.[1] He was arrested on May 14, 1982, as a fugitive in Wilkinson County, Mississippi, pursuant to an arrest warrant from the State of Colorado. He objected to extradition and a hearing was held on July 27, 1982.[2] Appellant invoked his Fifth Amendment right against self-incrimination and refused to answer questions at the hearing. He was ordered extradited. He remained in custody in the Wilkinson County jail until August 5, 1982, when he was returned to Arapahoe County, Colorado.

## II.

Appellant alleges that his federal constitutional rights were violated during his incarceration in the Wilkinson County jail. Specifically, he alleges: (1) he was arrested without a warrant other than the fugitive arrest warrant; (2) his requests for the assistance of counsel were denied; (3) he was not brought before a neutral magistrate; (4) he was not informed of the charges against him or allowed to challenge the sufficiency of the fugitive arrest warrants; and (5) he was not allowed to challenge his imprisonment in the Wilkin-

---

**1.** Ohio and Michigan also had outstanding arrest warrants for the appellant.

**2.** Appellant states that he received page 2, but not page 1, of a notice which informed him of his right to contest the extradition proceedings by appearing at the hearing. The hearing was held in Jackson, Mississippi. The hearing was attended by a Mississippi Assistant Attorney General and a representative of the Mississippi Governor's office. Apparently no judicial officer was present. A transcript of these proceedings was not kept, although longhand notes are available.

son County jail by filing a petition for a writ of habeas corpus in Mississippi.

Appellant argues that the denial of his constitutional rights by the Mississippi authorities prevents Arapahoe County from exercising jurisdiction over him. We disagree. It is settled in Colorado that the manner by which an accused is brought before a court has no bearing on the court's subject matter jurisdiction in a criminal proceeding. *Bell v. Bower,* 199 Colo. 195, 606 P.2d 74 (1980); *Brown v. District Court,* 194 Colo. 225, 571 P.2d 1091 (1977); *Massey v. Colorado,* 179 Colo. 167, 498 P.2d 953 (1972); *DeBaca v. Trujillo,* 167 Colo. 311, 447 P.2d 533 (1968). The United States Supreme Court earlier adopted the same rule. *Frisbie v. Collins,* 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541 (1952). The district court correctly held that even if there were Constitutional violations that occurred in the State of Mississippi, that does not preclude the court from proceeding against the defendant. The district court had jurisdiction over the appellant and it properly denied appellant's petition for a writ of habeas corpus.

The appellant may not seek relief in the courts of Colorado in this habeas corpus proceeding for the alleged violation of his constitutional rights by Mississippi authorities. The alleged violation of a constitutional right by another state does not deprive the Colorado courts of jurisdiction over a defendant. *Holmes v. People,* 169 Colo. 371, 456 P.2d 731 (1969). Even if the actions of the Wilkinson County authorities violated appellant's constitutional rights, the Colorado courts lack the jurisdiction to provide relief.[3]

Accordingly, we affirm the district court and deny appellant's request for relief.

---

3. Colorado has adopted the Uniform Criminal Extradition Act, 16-19-101 *et seq.* C.R.S.1973 (1978 Repl.Vol. 8 & 1983 Cum.Supp.) (UCEA), along with 48 other states. The UCEA grants most of those rights the appellant claims were denied by Mississippi. In *Denbow v. District Court,* 652 P.2d 1065 (Colo.1982) and *Mora v. District Court,* 177 Colo. 381, 494 P.2d 596 (1972), we have questioned whether these are constitutional rights or only statutory rights. Mississippi has not adopted the UCEA. *Miss. Code Ann.* § 99-21-1 *et seq.* (1972); Abramson, *Extradition in America: Of Uniform Acts and Governmental Discretion,* 33 Baylor L.Rev. 793 (1981).