Roy E. SECREST, Petitioner-Appellant,

v.

John SIMONET, Director of Public Safety and ex-officio Sheriff, and Mose Trujillo, Director of City and County Detention Facilities and Jail, Respondents-Appellees.

No. 84SA375.

Supreme Court of Colorado,
En Banc.

Nov. 12, 1985.

Rehearing Denied Dec. 2, 1985.

David F. Vela, State Public Defender, Peggy O'Leary, Deputy State Public Defender, Denver, for petitioner-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Richard H. For-

man, Sol. Gen., Peter Stapp, Asst. Atty. Gen., Denver, for respondents-appellees.

NEIGHBORS, Justice.

The petitioner, Roy E. Secrest, appeals the district court's judgment discharging his writ of habeas corpus and ordering his extradition to the State of Louisiana. On appeal, Secrest claims that: (1) Colorado lacks jurisdiction to order his extradition; (2) the trial court erred in finding that respondent established a prima facie case of identity; and (3) the absence of the state seal on some of the extradition documents renders them fatally defective. The respondent maintains that petitioner's notice of appeal was not timely filed. We reject the parties' respective arguments and affirm the judgment of the district court.

## I.

On February 19, 1977, Roy E. *Segers* was convicted in the Sixth Judicial District Court in St. Joseph, Parish of Tensas, Louisiana of conspiracy to distribute marijuana [1] and possession with intent to distribute marijuana.[2] He was released on bond pending sentencing. On September 7, 1978, Segers failed to appear for his sentencing hearing and a bench warrant for his arrest was issued. In addition, Segers was charged with felony bail jumping.[3]

Petitioner, Roy E. *Secrest*, was arrested in Pine, Colorado on December 19, 1983, by an agent of the Federal Bureau of Investigation pursuant to a federal warrant charging Segers with unlawful flight to avoid prosecution in violation of 18 U.S.C. § 1073 (1982). Apparently the federal authorities elected not to prosecute the petitioner, because the federal magistrate directed the United States Marshal to turn Secrest over to officers from the Denver Police Department. A fugitive complaint under section 16–19–103, 8 C.R.S. (1978), was subsequently filed against Segers in the Denver District Court, and Secrest was held in custody pending receipt of requisition documents from the State of Louisiana.

A preliminary inquiry into the identity of the petitioner was conducted at a bond modification hearing held on January 5, 1984. The trial court found that both a photograph and a physical description of Segers, received from the Louisiana authorities, bore a striking similarity to Secrest. The court also noted the opinion of Detective Ballard, a fingerprint analyst with the Denver Police Department, that Secrest's fingerprints on the card obtained by the Denver officers were identical to the fingerprints of Segers sent from the Louisiana police agency. On the basis of this evidence, the court found, for purposes of bond only, that Roy E. Secrest was the Roy E. Segers sought by the Louisiana authorities.

A requisition for the return of Segers was issued by the Governor of Louisiana on January 12, 1984. The requisition and supporting documents all named the person sought to be extradited as Roy E. Segers. The Colorado Governor's warrant, issued by Governor Lamm on January 20, 1984, also named Segers as the person to be extradited.

On February 7, 1984, Secrest filed a motion to dismiss the extradition proceeding, alleging that Colorado lacked jurisdiction to order his extradition to Louisiana. He also filed a petition for a writ of habeas corpus, asserting that the governor's warrant and documents from the State of Louisiana failed to identify him, Secrest, as the individual sought for extradition.

A hearing on the petitioner's writ and the return filed by the respondent was held on May 18, 1984. John Crigler, an assistant district attorney from Tensas Parish, Louisiana, identified Secrest as the Roy Segers sought by the Louisiana authorities. Crigler attended Segers' trial in 1977 and personally knew members of Segers' immedi-

---

**1.** La.Rev.Stat.Ann. tit. 14, § 26 (West 1974).

**2.** La.Rev.Stat.Ann. tit. 40, § 966, subd. A(1) (West 1977).

**3.** La.Rev.Stat.Ann. tit. 14, § 110.1 (West 1974).

ate family. Victor Mahoney, Sheriff of Tensas Parish, also identified Secrest as Segers. Mahoney testified that he was present at the scene of Segers' arrest in Louisiana and at his trial. He testified further that he was personally acquainted with the entire Segers family, including Roy Segers.

Petitioner challenged the identification testimony of both Crigler and Mahoney as unreliable. He asserted that neither of the two identifying witnesses had seen Roy Segers in over seven years. Petitioner also claimed that Crigler's identification was tainted by a prejudicial identification procedure. Prior to the May 18 hearing, Crigler had identified Secrest as Segers after being shown a single photograph of Secrest at the Denver Police Department, just hours after having seen him in court.

The trial court discharged the writ of habeas corpus, but ordered that execution of the extradition be stayed pending appeal to this court. On May 24, 1985, the petitioner filed a motion to alter or amend the findings of the court, a motion for new trial and amendment of judgment, and a motion for relief from judgment or order. The trial court denied the petitioner's motions on June 6, 1984, but did not mail the order to counsel for petitioner until July 18, 1984. The notice of appeal was filed in this court on August 27, 1984. At the time the briefs in this case were filed, the petitioner apparently had been released to the federal authorities in California for the purpose of giving testimony in a federal court proceeding.[4]

## II.

We first address respondent's contention that petitioner's notice of appeal was not timely filed. We reject the argument as being without merit.

■ Colorado Appellate Rules 4(a) and (b) require that a notice of appeal be filed with the appellate court within 45 days of

the date of the entry of judgment or order appealed from. C.A.R. 4(a), governing appeals in civil cases, specifically provides that "if notice of entry of judgment is transmitted to the parties by mail, the time for filing of the notice of appeal shall commence from the date of the mailing of the notice." Habeas corpus proceedings are civil in nature. E.g., Rodriquez v. Sandoval, 680 P.2d 1278 (Colo.1984). Thus, C.A.R. 4(a) answers the respondent's contention. The notice of appeal was filed on August 27, 1984, 41 days after the date the order was mailed. Therefore, the notice of appeal was timely filed and the matter is properly before this court.

## III.

Petitioner first argues that he is not subject to the jurisdiction of Colorado courts. In support of his claim, petitioner relies on the fact that federal charges were pending when the Colorado Governor's warrant was issued. He also points to the fact that he was in federal custody at the time of filing his opening brief. Finally, petitioner asserts that when he left Colorado for California, this state ceased to have jurisdiction to order his extradition to Louisiana. We are satisfied that Colorado has jurisdiction to order petitioner's extradition to Louisiana.

■ The filing of an information or complaint in the district court by the district attorney gives the court subject matter jurisdiction of the offense charged. Laffey v. People, 55 Colo. 575, 136 P. 1031 (1913). A court which has jurisdiction of the subject matter of a criminal prosecution need not inquire into how the accused was brought before it; his presence in court is sufficient to confer jurisdiction over his person. Yellen v. Nelson, 680 P.2d 234 (Colo.1984); Bell v. Bower, 199 Colo. 195, 606 P.2d 74 (1980). Moreover,

---

4. The petitioner's precise legal status in California is unclear. The parties each report somewhat differing facts in their briefs and these facts are not in the record, nor were they presented to the trial court. The attorney general indicates that the petitioner was to be ·returned to Colorado in May 1985.

when agents of the federal government produce a defendant in our state courts, the defendant has no standing to question the procedure which led to his being brought before a state judicial officer. *Gonzales v. Horan,* 138 Colo. 275, 332 P.2d 205 (1958).

■ A court's acquisition of subject matter and personal jurisdiction depends on facts existing at the time jurisdiction is invoked. *Minneapolis & St. Louis Railroad Co. v. Peoria & Pekin Union Railway Co.,* 270 U.S. 580, 46 S.Ct. 402, 70 L.Ed. 743 (1926); 20 Am.Jur.2d *Courts* § 142 (1965). Ordinarily, a court does not lose jurisdiction by the occurrence of subsequent events, even if those events would have prevented acquiring jurisdiction in the first instance. 20 Am.Jur.2d *Courts* § 148 (1965). Thus, jurisdiction is not lost by removal of a defendant from the territory. *Id.; see Norquist v. Norquist,* 89 Colo. 486, 4 P.2d 306 (1931). This is particularly true where one sovereign has, as a matter of comity, permitted another sovereign to have temporary custody of a prisoner then in the custody of the former to testify at trial in the courts of the latter. *Curran v. United States,* 332 F.Supp. 259 (D.Del. 1971).

■ The Denver District Court acquired jurisdiction of this matter at the time the complaint charging Segers as a fugitive under section 16–19–103, 8 C.R.S. (1978), was filed. The United States Magistrate consented to the state court's exercise of jurisdiction by ordering petitioner's release to the state authorities. The district court then acquired personal jurisdiction of Secrest when he first appeared before it, notwithstanding that federal fugitive charges may not yet have been dismissed.

■ Petitioner was still in the custody of the Denver authorities when the governor's warrant ordering his extradition to Louisiana was served. Thus, at the critical point in time for purposes of acquiring extradition jurisdiction, petitioner was "found in this state" in accordance with section 16–19–103, 8 C.R.S. (1978). Although petitioner was later released to the federal authorities in California pursuant to a writ of habeas corpus *ad testificandum,* he remains in the custody of the State of Colorado. He will be returned here to face extradition when the California proceedings are concluded.

## IV.

Petitioner next asserts that the extradition documents are not sufficient to create a prima facie showing of identity. All of the extradition documents in this case, both from Louisiana and Colorado, refer to Roy E. Segers, while the petitioner claims his name is Roy E. Secrest. Petitioner argues further that even if the documents could support his extradition, the prosecution failed to prove that Roy E. Secrest is the same person as the Roy E. Segers sought by Louisiana. We conclude that, under the facts of this case, a prima facie showing of identity was established.

■ When it is demonstrated that the name in the governor's warrant is the same as the name in the extradition documents, the respondent has established a prima facie case that the person charged as a fugitive is the fugitive sought by the demanding state. *Miller v. Debekker,* 668 P.2d 927 (Colo.1983); *Richardson v. Cronin,* 621 P.2d 949 (Colo.1980); *Light v. Cronin,* 621 P.2d 309 (Colo.1980). However, where there is a discrepancy between the name stated in the extradition documents and the name claimed by the prisoner as being correct, a prima facie case of identification may be established by other evidence identifying the fugitive, such as photographs, physical descriptions, affidavits, or other identifying information. *Moore v. Simonet,* 696 P.2d 823 (Colo.1985); *Cates v. Sullivan,* 696 P.2d 322 (Colo.1985); *Miller,* 668 P.2d at 929. In order to rebut a prima facie showing of identity, an accused must

prove by clear and convincing evidence that he is not the person sought. *Miller*, 668 P.2d at 929; *Guy v. Nelson*, 630 P.2d 610 (Colo.1981).

■ At the habeas corpus hearing, the respondent presented the testimony of two witnesses who positively identified petitioner as the Roy E. Segers who is wanted in Louisiana. Their identification was based on significant personal contact with Segers in Louisiana. Moreover, the trial judge at petitioner's bond modification hearing found that a photograph and physical description received from the Louisiana authorities bore a striking similarity to Secrest. The fingerprint cards of Segers and Secrest were also found to be identical. The district court properly found that a prima facie case of identity was established, and the petitioner presented no evidence to rebut the prima facie showing of identity made by the respondent.

## V.

■ Petitioner's final contention is that the extradition documents are fatally defective. He argues that the seal of the State of Colorado is not present on each of the extradition documents, as required by section 16–19–108, 8 C.R.S. (1978). We reject this contention as being totally without merit.

Section 16–19–108, 8 C.R.S. (1978), requires the governor's warrant of arrest to be sealed with the state seal. At the habeas corpus hearing, counsel for the petitioner acknowledged that the governor's warrant was sealed with the state seal in accordance with the provisions of section 16–19–108. While the extradition documents which accompany the governor's warrant state on their face that they are to be issued under the "Great Seal of the State," there is no *statutory* requirement that the seal be affixed to each of the documents. So long as the seal was affixed to the governor's warrant, the extradition documents are legally sufficient.

The judgment of the trial court is affirmed.