**Marvin SELPH, Petitioner–Appellant,**

**v.**

**Larry BUCKALLEW,
Respondent–Appellee.**

**No. 90SA239.**

Supreme Court of Colorado,
En Banc.

Feb. 11, 1991.

Rehearing Denied March 11, 1991.

---

David F. Vela, Colorado State Public Defender, Victor I. Reyes, Deputy State Public Defender, Pueblo, for petitioner-appellant.

Gale A. Norton, Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Robert M. Petrusak, Asst. Atty. Gen., Denver, for respondent-appellee.

Justice VOLLACK delivered the Opinion of the Court.

The petitioner Marvin Selph (Selph) appeals the trial court's decision to discharge his writ of habeas corpus which alleged a violation of Article V(e) of the Interstate Agreement on Detainers (IAD). We affirm.

## I.

On November 2, 1988, while confined at the New Mexico State Penitentiary, Selph filed a request pursuant to the Interstate Agreement on Detainers, §§ 24–60–501 to –507, 10B C.R.S. (1988), for the speedy disposition of Case No. 88–CR–433–B, pending in Pueblo County District Court. New Mexico complied with this request,

and Selph was returned to Pueblo, Colorado, in November 1988.

Sometime after Selph was returned to Pueblo, a second case, Case No. 89–CR–159–C, was filed, charging Selph with additional crimes in Pueblo County. Selph was served with a summons on this case while he was incarcerated in the Pueblo County Jail. No warrant was issued in 89–CR–159–C.

On February 6, 1990, Selph entered a guilty plea in 88–CR–433–B, and was sentenced to a two-year prison term in the Colorado Department of Corrections concurrent with the sentence he was then serving in New Mexico. At the request of the district attorney, Selph was held in the Pueblo County Jail pending resolution of 89–CR–159–C.

On March 30, 1990, Selph sought habeas corpus in the Pueblo County District Court, claiming that his continued custody in the Pueblo County Jail violated the IAD. The trial court issued its ruling discharging the writ of habeas corpus on April 19, 1990. The court held that it had jurisdiction over Selph as a result of the summons issued in 89–CR–159–C; it also found that the differences between a summons and a warrant were immaterial to that case. The court concluded that the IAD did not apply because the charges in 89–CR–159–C were filed subsequent to Selph's return to Colorado for disposition of the charges filed in 88–CR–433–B.

## II.

Selph claims that the trial court erred in holding that the IAD was not applicable to the charges filed in 89–CR–159–C. Selph contends that he may be held in temporary custody in Colorado only for the purpose of permitting prosecution on the charges which are the basis of the retainer or for the prosecution of charges arising out of the same transaction. We disagree.

The Interstate Agreement on Detainers has been codified in sections 24–60–501 to –507, 10B C.R.S. (1988), and provides in relevant part:

(d) The temporary custody referred to in this agreement shall be only for the purpose of permitting prosecution on the charge or charges contained in one or more untried indictments, informations, or complaints which form the basis of the detainer or detainers or for prosecution on any other charge or charges arising out of the same transaction. Except for his attendance at court and while being transported to or from any place at which his presence may be required, the prisoner shall be held in a suitable jail or other facility regularly used for persons awaiting prosecution.

(e) At the earliest practicable time consonant with the purposes of this agreement, the prisoner shall be returned to the sending state.

§ 24–60–501 (art. V)(d) & (e).

Selph argues that a strict interpretation of section 24–60–501 art. V(d) and (e) mandates that he be returned to New Mexico. He contends that since the case which formed the basis for his IAD transfer has been resolved, he is entitled to be returned to New Mexico authorities. This argument requires us to examine the purpose and scope of the IAD to determine its effect on the new and unrelated charges that were filed after the IAD transfer.

The IAD provides an expeditious, simplified method of orderly disposition of charges pending in one state against a person imprisoned in another. *Brown v. District Court*, 194 Colo. 225, 571 P.2d 1091 (1977). It also provides a "mechanism for prisoners to insist upon speedy and final disposition of untried charges that are the subjects of detainers so that prison rehabilitation programs initiated for the prisoners' benefit will not be disrupted or precluded by the existence of these untried charges." *People v. Higinbotham*, 712 P.2d 993, 997 (Colo.1986). Although the IAD is generally designed to benefit the states, *Brown*, 194 Colo. at 227, 571 P.2d at 1093, this is not to imply that a prisoner is totally without protection under the detainer agreement.

*See Moen v. Wilson*, 189 Colo. 85, 90, 536 P.2d 1129, 1132 (1975).

Selph's habeas corpus argument is that he is being illegally detained in Colorado and that under the IAD the court does not have jurisdiction to detain him on the new charges. We are not persuaded that the IAD, contrary to the general rule, is intended to prevent a court from obtaining personal jurisdiction over criminal defendants.

The circumstances by which an accused person comes before a court have no bearing on the court's power to try him. *Frisbie v. Collins*, 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541 (1952). A court which has jurisdiction of the subject matter of the criminal prosecution need not inquire how a defendant was brought before it; his presence in court is sufficient to confer jurisdiction over his person.

*Brown*, 194 Colo. at 226–27, 571 P.2d at 1092; *see also Sweaney v. District Court*, 713 P.2d 914, 917 (Colo.1986); *Secrest v. Simonet*, 708 P.2d 803, 806 (Colo.1985). Selph's interpretation would frustrate rather than promote the stated purposes of the IAD.[1]

The IAD has no application in this case. The new and unrelated charges were filed after Selph was transferred from New Mexico to Colorado, and do not qualify as untried indictments, informations, or complaints pending in Colorado prior to the time of transfer. *People v. Newton*, 764 P.2d 1182 (Colo.1988) (Speedy trial provisions of IAD are not applicable to new charges filed after defendant returned to the State.); *People v. Greenwald*, 704 P.2d 312 (Colo.1985); *People v. Watson*, 666 P.2d 1114 (Colo.App.1983), *rev'd on other grounds*, 700 P.2d 544 (Colo.1985); *Beals v. Wilson*, 631 P.2d 1181 (Colo.App.1981).

We therefore agree with the trial court that the IAD does not apply to this case.

Judgment affirmed.

---

1. If Selph had been returned to New Mexico prior to resolution of the new untried charges, he would again be subject to detainers affecting his rehabilitation programs. We do not address the result that would be reached had New Mexico demanded Selph's return under the IAD.