**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Terry A. HINES, Defendant–Appellant.**

**No. 89CA0799.**

Colorado Court of Appeals, Div. 4.

March 28, 1991.

Rehearing Denied April 25, 1991.

Certiorari Denied Sept. 23, 1991.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Cheryl A. Linden, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colo. State Public Defender, David M. Furman, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge ROTHENBERG.

Defendant, Terry A. Hines, appeals from the trial court's order denying his motion to dismiss based upon an alleged violation of the "anti-shuttling" provision of the Interstate Agreement on Detainers Act (IAD), § 24–60–501, Article IV(e), C.R.S. (1988 Repl.Vol. 10B). We affirm.

While the defendant was in federal custody in Littleton, Colorado, he was charged with certain offenses in Jefferson County district court. He was brought to the district court by writs of habeas corpus ad prosequendum first for arraignment and later to enter a plea of guilty. After each court appearance, he was remanded to the custody of the federal authorities.

At his third appearance before the district court, he moved to dismiss the charges based upon violation of the anti-shuttling provision of the IAD. The trial court denied the motion, and this appeal followed.

■ The IAD provides an expeditious, simplified method of orderly disposition of charges pending in *one state against a person imprisoned in another. Brown v. District Court*, 194 Colo. 225, 571 P.2d 1091 (1977). It also provides a "mechanism for prisoners to insist upon speedy and final disposition of untried charges that are the subjects of detainers so that prison rehabilitation programs initiated for the prisoners' benefit will not be disrupted or precluded by the existence of these untried charges." *People v. Higinbotham*, 712 P.2d 993, 997 (Colo.1986). *See also Selph v. Buckallew*, 805 P.2d 1106 (Colo.1991). Federal law governs interpretation of the IAD. *People v. Higinbotham, supra.*

■ Section 24–60–501 provides, in essence, that when a prisoner's presence is obtained through a detainer and trial is not had on the pending information before the prisoner is returned to his original place of imprisonment, the court shall dismiss the information. The provisions of the IAD are activated when a "detainer" is filed with the sending state by the receiving state. *United States v. Mauro*, 436 U.S. 340, 98 S.Ct. 1834, 56 L.Ed.2d 329 (1978); *Dodson v. Cooper*, 705 P.2d 500 (Colo. 1985), *cert. denied*, 474 U.S. 1084, 106 S.Ct. 857, 88 L.Ed.2d 896 (1986). A detainer is a notification filed with the institution in which the prisoner is serving a sentence advising that jurisdiction that the prisoner is wanted to face pending criminal charges in another jurisdiction. *United States v. Mauro, supra.*

■ The issue presented here is whether the writ of habeas corpus ad prosequendum issued by state authorities for Hines while he was in federal custody constituted a detainer and entitled Hines to the protections of the IAD. The answer is no.

*United States v. Mauro, supra,* is dispositive. There, federal authorities issued a writ of habeas corpus ad prosequendum to obtain a state prisoner. The United States Supreme Court held that the writ of habeas corpus ad prosequendum was *not* a "detainer" within the meaning of the IAD and therefore did not trigger the application of the IAD. In contrast, if a detainer has been filed and the prisoner is then brought before the district court by means of a writ of habeas corpus ad prosequendum, the prisoner is then entitled to the protections of the Act.

Here, state authorities issued the writ to obtain the presence of Hines, who was a federal prisoner. Also, state officials obtained written consent from the United States Attorney's office to authorize the transfer. Under these circumstances, there was no violation of the IAD. Section 24–60–501, Article I, C.R.S. (1988 Repl.Vol. 10B); *United States v. Mauro, supra; People v. Bost,* 770 P.2d 1209 (Colo.1989).

Additionally, in *United States v. Chico,* 558 F.2d 1047 (2nd Cir.1977), *cert. denied,* 436 U.S. 947, 98 S.Ct. 2850, 56 L.Ed.2d 788 (1978), the United States Court of Appeals for the Second Circuit held that the anti-shuttling provision of the IAD was inapplicable to brief transfers of custody between a state and the federal government which occur wholly within one state.

We therefore conclude that the issuance of a writ of habeas corpus ad prosequendum by state authorities in Colorado to obtain the presence of a federal prisoner incarcerated in Colorado does not constitute a detainer activating the provisions of the Interstate Agreement on Detainers Act.

The order is affirmed.

METZGER and DAVIDSON, JJ., concur.