21 F.3d 1120
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Douglas T. BURNS, named Douglas Trent Burns, Petitioner-Appellant,
v.
Roy ROMER, Governor; Frank O. Gunter, Executive Director;
Gale A. Norton, Attorney General of the State of
Colorado, Respondents-Appellees.
 No. 93-1383.
 United States Court of Appeals, Tenth Circuit.
 April 1, 1994.
 
 ORDER AND JUDGMENT[1]
 Before SEYMOUR, Chief Judge, MCKAY and BALDOCK, Circuit Judges.[2]
 
 
 1
 Petitioner Douglas T. Burns, appearing pro se, appeals the district court's dismissal of his habeas corpus petition for failure to exhaust his available state remedies. 28 U.S.C. 2254. He seeks leave to proceed in forma pauperis in this court, 28 U.S.C.1915, and also seeks a certificate of probable cause, 28 U.S.C. 2253. We have jurisdiction pursuant to 28 U.S.C. 1291.
 
 
 2
 Petitioner is currently in the custody of the Colorado Department of Corrections at the Centennial Correctional Facility, Canon City, Colorado. Petitioner asserted the following facts in his petition and supporting documents to the federal district court. Petitioner pleaded guilty to burglary in Arapahoe County, Colorado district court and was sentenced to life imprisonment on September 26, 1985. He then filed a Colo. R.Crim. P. 35(c) motion for postconviction relief, which was denied by the district court. Petitioner did not appeal this Rule 35(c) denial. Petitioner then filed a habeas corpus petition and a "motion for inquiry" in Arapahoe County district court on or about March 19, 1989. On April 11, 1989, the district court denied the petition. Three years later, on or about April 8, 1992, Petitioner filed a habeas corpus petition in the Colorado Supreme Court, which the Court denied without discussion on May 14, 1992.
 
 
 3
 A petitioner is required to exhaust his state remedies before seeking federal habeas relief. 28 U.S.C. 2254(b), (c). State remedies are not deemed exhausted until the highest state appellate court has had the opportunity to consider the merits of each claim that a petitioner seeks to present in federal court. Picard v. Connor, 404 U.S. 270, 275-76 (1971). The burden rests with the federal habeas petitioner to demonstrate that all available state remedies have been exhausted. Miranda v. Cooper, 967 F.2d 392, 398 (10th Cir.), cert. denied, 113 S.Ct. 347 (1992); Clonce v. Presley, 640 F.2d 271, 273 (10th Cir.1981).
 
 
 4
 Petitioner raised three claims in his federal habeas petition: (1) government officials breached his plea agreement in violation of the Fifth, Sixth and Fourteenth Amendments; (2) the Arapahoe County District Court violated his Fifth and Fourteenth Amendment rights by denying him a hearing on the breach of plea agreement issue; and (3) the Colorado Supreme Court and the federal district court violated his Fifth and Fourteenth Amendment rights by denying him a hearing on the breach of plea agreement issue. Thus, our ability to consider Petitioner's federal habeas petition depends upon whether the Colorado Supreme Court had the opportunity to consider the merits of Petitioner's breach of plea agreement and hearing denial claims. Picard, 404 U.S. at 275-76.
 
 
 5
 At first glance, Petitioner's habeas petition to the Arapahoe County district court appears to raise only the issue of his counsel's ineffectiveness, but if the petition is read very broadly, see Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991) (pro se litigants pleadings are to be construed liberally), it can be interpreted to raise the breach of plea agreement issue. Petitioner, however, by his own admission, failed to appeal the Arapahoe County district court's denial of this habeas petition. Therefore, this unappealed petition never gave the Colorado Supreme Court the opportunity to address the merits of Petitioner's breach of plea agreement and hearing denial claims as required by the United States Supreme Court in Picard, 404 U.S. at 275-76.
 
 
 6
 Three years later, in a habeas petition filed directly in the Colorado Supreme Court, Petitioner clearly asserted his breach of plea agreement and hearing denial claims. The Colorado Supreme Court denied this petition without comment. This denial was not, however, a disposition on the merits because: (1) the time for appeal of the 1989 Arapahoe County district court habeas decision had long since expired, see Secrest v. Simonet, 708 P.2d 803, 806 (Colo.1985) (Colorado Appellate Rule 4(a) provides the necessary timing of notice of appeal in habeas cases--i.e., within forty-five days of the date of the entry of judgment or order appealed from), and (2) because the Colorado Supreme Court will not assume original jurisdiction over a habeas petition if the issue may be properly determined and the rights of petitioner fully protected and enforced in a lower court with a subsequent appeal to the Colorado Supreme Court, see Ex parte Arakawa, 78 Colo. 193, 240 P. 940, 941 (1925) (en banc). Because the Colorado Supreme Court has never had the opportunity to address the merits of any of Petitioner's federal habeas claims, we affirm the district court's dismissal of the petition for failure to exhaust.
 
 
 7
 In the absence of "an arguable basis in law or in fact," petitioner's request to proceed in forma pauperis is DENIED. See Neitzke v. Williams, 490 U.S. 319, 325 (1989); 28 U.S.C.1915(d). Petitioner has failed to make a substantial showing of the denial of a federal right, see Lozada v. Deeds, 498 U.S. 430, 431 (1991); thus, petitioner's request for a certificate of probable cause, 28 U.S.C. 2253, is DENIED, and the appeal is DISMISSED.
 
 
 8
 SO ORDERED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case therefore is ordered submitted without oral argument