[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed September 17, 1997
The defendant, David Clemons, has moved to dismiss a pending charge of Murder (C.G.S. § 53a-54a). He was arrested on this charge by warrant on June 19, 1997. The relevant historical background is as follows.
In March 1996 the defendant, a sentenced federal inmate, was serving his federal sentence at the Federal Correctional Institution in Otisville, New York. On March 15, 1996, the defendant, who was subject to a detainer that had been lodged, requested a final disposition be made of a pending criminal information/complaint against him in the Superior Court, Judicial District of Fairfield (Bridgeport).
This request was made pursuant to the Interstate Agreement on Detainers (IAD), C.G.S. § 54-186. Thereafter, on March 26, 1996, Donald A. Browne, State's Attorney for the Judicial District of Fairfield, accepted temporary custody of the defendant in connection with the defendant's request for disposition of the charges which were the basis for the detainer.
The defendant, David Clemons, was thereafter returned to this jurisdiction and was ultimately tried on the pending informations charging him with Murder (docket no. CR96-118114) as well as Attempted Murder and Assault First Degree (docket no. CR96-118115). The defendant was acquitted, by a jury verdict, of all counts as charged in the consolidated informations. The acquittals entered on June 17, 1997, thereby concluding the charges which were the basis for the detainer and the defendant's temporary custody in Connecticut.
Upon the return of the jury's verdict and acceptance thereof by the trial court, the defendant requested that he be returned to the federal facility at Otisville, New York.
The defendant was not returned to federal custody in New York on June 17, 1997. He was retained in the Connecticut correctional system and, on June 19, 1997, was arrested on a new murder charge, which is unrelated to the charges which were the basis of the detainer.
The defendant has moved to dismiss the pending murder charge CT Page 8293 with prejudice on the following grounds.
 1. The defendant claims that the state lacks jurisdiction to proceed because a violation of Article V (d) of C.G.S. § 54-186
(IAD) has occurred.
 2. The defendant also claims that Article V (c) of C.G.S. § 54-186 (IAD) (speedy trial provision) has been violated because the state failed to try him within one hundred twenty (120) days of his arrival in Connecticut as required by this Article.
The IAD provides an expeditious, simplified method of orderly disposition of charges pending in one state against a person imprisoned in another. Brown v. District Court, 194 Colo. 225,571 P.2d 1091 (1977). The IAD is a compact which has been adopted by 48 states, the District of Columbia and the United States to encourage expeditious and orderly disposition of outstanding criminal charges filed against a person incarcerated in a different jurisdiction. Cooney v. Fulcoher, 886 F.2d 41, 43
(1989).
The defendant correctly claims that Article V (d) provides for his prosecution in Connecticut solely on the charges which were the basis of the detainer which was lodged against him. In this case, there is no dispute that the charges underlying the detainer which resulted in his acquittal were separate and distinct from the now pending murder charge.
Violations of the anti-shuttling provision of IAD Article IV (e) have been found to be a fundamental defect warranting dismissal with prejudice because the text of this article (IV (e)) includes and provides for such a sanction. U.S. v. Williams,615 F.2d 585 (3d Cir. 1980).
Article V (d) by contrast does not contain a specific remedyof dismissal. Moreover, "the goals which the Act was designed to promote are not compromised by prosecution of the appellant on outstanding charges which were not the basis of the detainer."Cooney, supra, 44. The rights created by the IAD are statutory, not fundamental, constitutional or jurisdictional in nature. These provisions do not deprive this court of jurisdiction to try the defendant on the now pending charge of murder. See Parker v.CT Page 8294United States, 590 A.2d 504, 509, cert denied, 502 U.S. 973
(1991). "The circumstances by which an accused person comes before the court have no bearing on the court's power to try him."Frisbie v. Collins, 302 U.S. 519, 72 S.Ct. 509 (1952).
While jurisdiction of this court over the defendant for the murder charge is not legally questionable, the issue remains as to what action, if any, should be taken since the defendant is in fact being held on an outstanding charge of murder which is unrelated to the charges which formed the basis of the detainer.
Several courts considering this issue have required the appellants to demonstrate prejudice as a result of not being returned forthwith to their respective sending states when the charges underlying their detainer were disposed of. See Kotteakosv. U.S., 328 U.S. 750, 66 S.Ct. 1239 (1946); Commonwealth v. Boyd,679 A.2d 1284, 1288, 689 A.2d 230 (1997); Parker, supra.
The defendant claims that he has been prejudiced in that his state inmate classification causes him to be denied access to a law library and he is incarcerated many miles from his counsel's office. Notably, these alleged impediments did not seem to interfere with his successful defense against the underlying charges which caused his transfer into the State of Connecticut.
In the opinion of this court, the defendant's claims of prejudice do not rise to a level of substantial, manifest prejudice which should be viewed as a basis to exercise the extreme sanction of dismissing the pending murder charge with prejudice. Additionally, Article V (d) does not provide for such a sanction.
The defendant's second argument is that IAD Article V (c) has been violated by the state because he has not been tried on the pending murder charge within one hundred and twenty (120) days of his arrival as this Article requires.
The speedy trial provision of the IAD has no application with respect to the defendant's pending murder charge. The defendant was arrested on this new and unrelated charge after the defendant was transferred from the federal custody in New York to Connecticut. Since this new charge was not the basis of the information underlying the detainer which was lodged, Article V (c) is not applicable ". . . the time provision of Article III applies only to indictments, informations or complaints on the CT Page 8295 basis of which detainers have been filed." Boyd, supra, at 1287.
The Motion to Dismiss is denied.
RONAN, J.