[No. 7769.]

## LAFFEY v. THE PEOPLE.

CRIMINAL LAW—*Information—Waiver of Defects*—The accused was held to bail under preliminary examination in the county court, on charge of rape. In the district court he pleaded *non cul.* Later, without withdrawing his plea, and without leave of court, he moved to quash the information upon the ground (1) that no lawful preliminary examination had been had, (2) that the county court was without jurisdiction, (3) the information was not verified, and there was no affidavit on file upon which it could be based. *Held*, that the defects not being jurisdictional, in the sense that they could not be waived, were waived by the plea to the merits.

*Error to the Clear Creek District Court.*—Hon. CHARLES McCALL, Judge.

Mr. CAESAR A. ROBERTS and Mr. JOHN J. WHITE, for plaintiff in error.

Hon. Fred A. Farrar, Attorney General, Mr. Frank C. West, and Mr. Norton Montgomery, Assistant Attorneys General, for the people.

Mr. Justice Bailey delivered the opinion of the court.

On September 23rd, 1911, plaintiff in error was examined before the county court of Clear Creek County, on a sworn complaint for the statutory crime of rape. An order was entered, upon a finding of probable cause, as upon preliminary examination, binding the defendant over to the district court to answer such charge. The record of the county court proceedings was duly certified to the district court, and on December 4th next thereafter the district attorney filed an information there against the defendant, based on the county court order and record. The defendant, appearing in person and by counsel, was arraigned on that day and entered a plea of not guilty, and the case was set down for trial for December 14th, 1911. On this latter date, with the plea of not guilty still pending, and without leave of court, defendant interposed a motion to quash the information on the ground, among others, that no lawful preliminary examination had been had, because the county court was without jurisdiction to hold one or·bind the defendant over to answer to the district court; and because no affidavit was filed verifying the information, or upon which the information was or could be based. This motion was overruled. A jury was impaneled, the defendant tried, found guilty, and sentenced to imprisonment in the state penitentiary. He prosecutes this writ of error.

Whatever merit there may be in the defendant's motion, the defects against which the motion was directed were waived when a plea of not guilty was entered without first seeking to correct such defects. No reason for overruling the motion is given, but if a valid one existed

it will be presumed that the court acted upon it. The motion came too late and was properly overruled; as the defendant by plea to the merits had waived the objections which he later urged. The questions raised by the motion go to matters of procedure, questions of informalities and irregularities, not to the sufficiency of the information. The information properly charged the offense. The objections urged were of a character which, if properly interposed in apt time, entitled the defendant to have the defects in the proceedings corrected, but such defects were not jurisdictional in the sense that they could not be waived.—*Taylor v. People,* 21 Colo. 426, 42 Pac. 652. The filing of the information in the district court by the district attorney gave that tribunal jurisdiction of the offense.—*Ex parte McConnell,* 83 Cal. 558, 23 Pac. 1119. Objections to matters of procedure and form must be taken advantage of before plea to the merits, or if afterwards, only when such plea has been withdrawn by leave of court.

In *Bergdahl v. The People,* 27 Colo., 307, 61 Pac. 228, this court, upon the proposition now under consideration, had this to say:

"The failure to properly verify an information is not one which affects its sufficiency. It is required to be verified as designated by sections 1432b and 1432h, 3 Mills' Ann. Stats. These are provisions which are intended to and do comply with section 7, article 2, of our Bill of Rights, which, in substance, declares that no warrant to seize any person shall issue unless probable cause therefor is made to appear by oath or affirmation reduced to writing. This right, however, is one which may be waived, and unless properly presented below, cannot be raised in this court."

In *Taylor v. The People, supra,* it is said:

"Neither a motion to quash, nor other pleading attacking the information upon any ground, was filed by

the defendant; but, on the contrary, he entered his plea of not guilty, and went to trial úpon the merits. If there was no preliminary examination (as to which we are not advised by anything in the record), it was the duty of the defendant, at the proper time and in the proper proceeding, to show that fact to the district court, and the record should disclose the existence of the alleged defect in jurisdiction; and if, as matter of fact, there was no preliminary examination, and the affidavit required by section 8 had not been filed in the district court, it was likewise the duty of the defendant in an appropriate way to call the attention of the district court to the absence of the necessary affidavit; but as the defendant entirely neglected to avail himself of his proper remedy at the appropriate time, it is too late for him to be heard with respect thereto in this court, even if there be merit in his contention.''

That the entry of a plea of not guilty waived the defects against which the motion was directed is supported by ample authority. In *State v. Clark,* 4 Idaho, 7, 35 Pac., 710, it is said:

''A motion to quash an information, on the ground that the court had no jurisdiction to try the defendant, for the reason that the law had not been complied with in the arrest and preliminary examination of the defendant, must be made before plea or trial, or the same is waived.''

*State v. Collins,* 4 Idaho, 184, 38 Pac. 36, reaffirms this doctrine. And to the same effect are *McKevitt v. People,* 208 Ill. 460, 70 N. E. 693; *Johnson v. State,* 134 Ala. 54, 32 So. 1013; *Joy v. State,* 14 Ind. 139; and *West v. State,* 48 Ind. 483.

Other errors are assigned, but the argument of counsel is directed alone to the alleged error in overruling the motion to quash the information. The defendant's

rights in this respect were waived.   The judgment of the district court is affirmed.

- Decision en banc.

Decided October 6th, 1913.   Rehearing denied December 1, A. D., 1913.