The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Richard Lee THOMPSON, Defendant-Appellant.

No. 85CA1314.

Colorado Court of Appeals, Div. I.

March 12, 1987.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Peter J. Stapp, David R. Little, Assistant Attys. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Peggy O'Leary, Deputy State Public Defender, Denver, for defendant-appellant.

PIERCE, Judge.

Defendant, Richard Thompson, appeals from the denial of his Crim.P. 35(c) motion. We affirm.

On January 10, 1983, defendant was arrested and charged with second degree burglary. A motion for preliminary hearing was filed in county court on January 25, 1983, and a hearing was scheduled for February 24, 1983. This hearing was twice continued until it was held on March 23, 1983.

After a finding of probable cause, defendant was bound over to the district court where he entered a plea of not guilty.

Defendant's trial was set for June 1983, but after numerous continuances, the proceedings ended on September 16, 1983, when defendant pled guilty to second degree burglary.

However, prior to the entry of his guilty plea, defendant, pro se, filed a motion to dismiss for lack of jurisdiction. In this motion, which the trial court denied, defendant alleged that the trial court had lost jurisdiction over him by failing to conduct the preliminary hearing within thirty days of his request therefor.

Thereafter, defendant filed, pro se, this Crim.P. 35(c)(2)(III) motion to vacate his conviction and sentence. This motion was denied without a hearing, and defendant's appeal ensued.

I.

Crim.P. 5(a)(4)(I) provides that:

"Within ten days after the defendant is brought before the county court, either the prosecuting attorney or the defendant may file a written motion for a preliminary hearing. Upon the filing of such a motion, the judge forthwith shall set the hearing. The hearing shall be held within thirty days of the day of the setting, unless good cause for continuing the hearing beyond that time be shown to the court."

Defendant first contends that because the preliminary hearing was held more than 30 days after demand was made, the trial court thereafter lacked jurisdiction. We disagree.

In *Chavez v. District Court*, 648 P.2d 658 (Colo.1982), the Supreme Court, at footnote 1, recognized a defendant's ability to accede to the setting of a preliminary hearing more than 30 days subsequent to the request. Hence, although the matter was not germane to the dispositive issues addressed in *Chavez*, the footnote material represents an implicit determination that the 30-day requirement of Crim.P. 5(a)(4)(I) is subject to waiver and, thus, is non-jurisdictional.

While defendant acknowledges that a preliminary hearing may be continued beyond the 30–day period for good cause, he contends that there was no showing of good cause to continue his hearing. We hold that defendant waived any objection.

Defendant did not object to the setting of the preliminary hearing beyond the 30 days specified by the statute. He did not raise the issue of continuance without good cause prior to the preliminary hearing. In fact, the record does not disclose any objection until more than two months after the preliminary hearing.

Under these circumstances, we hold that defendant waived the showing of good cause necessary to continue the preliminary hearing. *Cf. People v. Anderson,* 649 P.2d 720 (Colo.App.1982) (defendant's failure to demand dismissal prior to trial waives any speedy trial objection); *see also People v. Hogland,* 37 Colo.App. 34, 543 P.2d 1298 (1975) (although good cause shown, defendant must assert his right to a speedy trial prior to trial).

Because of our resolution of the case, we need not address defendant's remaining contentions.

Order affirmed.

KELLY and METZGER, JJ., concur.