In re the PEOPLE of the State of Colorado, Plaintiff–Respondent,

v.

Chaval WILLIAMS, Defendant–Petitioner.

No. 98SA393.

Supreme Court of Colorado. En Banc.

Oct. 18, 1999.

James J. Peters, District Attorney, Eighteenth Judicial District, John Topolnicki, Chief Deputy District Attorney, William Hood, Deputy District Attorney, Englewood, Colorado, Attorneys for Plaintiff–Respondent.

David F. Vela, Colorado State Public Defender, David R. Jones, Deputy State Public Defender, Englewood, Colorado, Attorneys for Defendant–Petitioner.

Justice SCOTT delivered the Opinion of the Court.

In this original proceeding,[1] petitioner Chaval Williams (defendant) challenges the jurisdiction of the Arapahoe County District Court. The State originally filed charges in county court but moved to dismiss those charges before the case was bound over to district court. Months later, the State elected to reinstitute the same criminal charges by refiling a second information in county court. The county court bound the matter over to the district court. Thereafter, the defendant filed a motion in district court, claiming that because the refiled information was void and of no effect, the district court did not have jurisdiction to proceed to trial. By his petition before us under C.A.R. 21, the defendant asks that we invoke our general superintending authority and review the ruling of the district court.[2] In doing so, we must decide whether our rules of criminal procedure, in particular Crim. P. 5 and Crim. P. 7, contemplate that the State may initiate a criminal proceeding by filing a second information in county court after successfully moving to dismiss the same charges in an earlier information. Because we conclude that they do not, we reverse the district court's ruling and hold that the State may not refile criminal charges in county court that had previously been dismissed by that court. Accordingly, we reverse the ruling of the district court and return this matter to

that court for further proceedings consistent with this opinion.

I.

On December 11, 1996, the State filed an information in county court charging defendant with various crimes, including attempted first-degree murder.[3] See §§ 18–2–101, 18–3–102(1)(a), 6 C.R.S. (1996). On January 8, 1997, defendant requested and was granted a continuance. At that time, defendant waived his right, under Crim. P. 5(4)(I), to the holding of a preliminary hearing within thirty days. As a consequence, the preliminary hearing was reset for February 4.

On that date, the State announced that it would not be able to proceed because it had been unsuccessful in its efforts to locate its principal witness and victim, Randi Johnson. The State then moved to dismiss the case without prejudice, adding that it would refile the case if "the victim could be located." The court then asked if there were any objections, and defense counsel responded: "To refiling the case, yes. To the dismissal, we have no objection."

The county court granted the motion and dismissed the case without prejudice, quashing all warrants and discharging defendant's bonds. The county court ruled that "[the defendant is] to be released as soon as possible. [With the understanding that the State] can refile at any time because [the case is] dismissed without prejudice."

On August 12, 1997, the State refiled the original charges in county after locating the victim. The county court then issued a war-

1. Our original jurisdiction exists by virtue of the state constitution. See Colo. Const. art. VI, § 3 ("The supreme court shall have the power to issue ... original and remedial writs as may be provided by rule of court with authority to hear and determine the same...."); C.A.R. 21(a)(1) (establishing the availability of relief under the supreme court's original jurisdiction). We exercised our discretion and accepted original jurisdiction in response to a petition by Williams under the prior version of C.A.R. 21. Under our rule to show cause, the District Attorney for the Eighteenth Judicial District submitted an answer on behalf of the district court, responding to defendant's claims that the district court exceeded its jurisdiction. While this case was pending, we amended our rule. See C.A.R. 21(a)(1). In

consideration of our amended rule, we treat the State as the respondent, since it is the "real party in interest." See C.A.R. 21(b).

2. Our authority under C.A.R. 21 is coextensive with our "general superintending control over all ... courts." See Colo. Const. art. VI, § 2(1); C.A.R. 21(a)(1).

3. Defendant was also charged with: Retaliation Against a Witness or Victim, section 18–8–706, 6 C.R.S. (1996); Menacing, section 18–3–206, 6 C.R.S. (1996); Illegal Discharge of a Firearm, section 18–12–702.5, 6 C.R.S. (1996); Child Abuse, section 18–6–401, 6 C.R.S. (1996); and Mandatory Sentencing for a Crime of Violence, section 16–11–309(2)(a)(I)(A), 6 C.R.S. (1996).

rant for defendant's arrest. Nearly a year later, on July 6, 1998, while stopped for a traffic violation in Nevada, defendant was arrested on the outstanding Colorado warrant and thereafter extradited to Colorado.

A preliminary hearing was set for the re-filed charges for August 11, 1998. On that date, the State moved for a continuance, again because its principal witness was unavailable. The continuance was granted and the preliminary hearing was reset for August 19, 1998.

On the postponed date, defense counsel entered an objection, claiming that the county court did not have jurisdiction to hear the case because "I think that the proper procedure that should be followed at any filing is governed by Rule[ ] 5 and Rule 7 of the Colorado Rules of Criminal Procedure." The county court denied the motion and proceeded to conduct the preliminary hearing. The county court found probable cause for counts one through four and bound the case over to the district court for trial.

On September 11, 1998, defendant orally moved for dismissal of the charges, claiming that the refiling violated our rules of criminal procedure. The district court denied the motion, ruling that because the initial case was dismissed without prejudice prior to a preliminary hearing, criminal rules of procedure 5 and 7 did not apply.

Defendant now asks this court for relief in the nature of a writ of mandamus or prohibition pursuant to C.A.R. 21. In support of his petition, he argues that the district court lacks jurisdiction in this matter because the case was refiled in direct violation of our criminal rules of procedure, rules 5(a)(4)(v) and 7(c)(2). We agree.

## II.

This original proceeding presents a question of first impression. We have not been referred to any Colorado authority directly addressing the question of whether the State may refile a case in county court after the same charges were dismissed without prejudice by the county court prior to a preliminary hearing. We begin by establishing our jurisdiction to hear this case and then proceed to examine the relevant rules of criminal procedure.

## A.

■■■ The defendant has challenged the jurisdiction of the district court and the county court's ruling by seeking relief in this court in the nature of a writ of prohibition, under C.A.R. 21. While a remedy under C.A.R. 21 is "limited in purpose and availability," *People v. District Court*, 868 P.2d 400, 403 (Colo.1994), relief may be "sought where the district court is proceeding without or in excess of its jurisdiction." *Id.* (quoting *Halaby, McCrea & Cross v. Hoffman*, 831 P.2d 902, 905 (Colo.1992)); *see Marquez v. District Court in and for the Tenth Judicial Dist.*, 200 Colo. 55, 58, 613 P.2d 1302, 1304 (1980) (prohibition appropriate because violation of speedy trial guarantee deprived court of jurisdiction).

Section 16–5–101, 6 C.R.S. (1999), establishes three means by which the State may commence a felony criminal action: (1) by grand jury indictment; (2) by filing an information directly in district court; and (3) by filing a felony complaint in county court.[4] Having authorized the initiation of felony criminal proceedings in these three ways, the General Assembly was clearly establishing the jurisdictional prerequisites to felony criminal prosecutions. The General Assembly further provided that filing felony complaints in county court must be in accordance with the rules promulgated by this court:

The procedures governing felony complaints filed in the county court and warrants or summons issued in connection

---

4. Section 16–5–101 provides in relevant part:
Commencement of prosecution. (1) Unless otherwise provided by law, a criminal action for violation of any statute may be commenced in one of the following ways:
  (a) By the return of an indictment by a grand jury;

  (b) By the filing of an information in the district court; [or]
  (c) By the filing of a felony complaint in the county court[.]

therewith shall be in accordance with and as required by the applicable provisions of the rules of criminal procedure promulgated by the supreme court of Colorado.

§ 16–5–101(2). Since filing a felony complaint in accordance with the law vests the county court with jurisdiction over the action, an improperly filed complaint necessarily fails to establish jurisdiction. Accordingly, defendant's allegation that the State refiled felony charges against him in county court in violation of our rules of criminal procedure, is properly before the court in this proceeding pursuant to C.A.R. 21. *See Marquez,* 200 Colo. at 58, 613 P.2d at 1304.

### B.

■ Having found that the question is properly before us, we proceed to consider whether, under the Colorado Rules of Criminal Procedure, jurisdiction can be conferred on the county court when charges are dismissed without a preliminary hearing and then refiled in the same court.

The General Assembly has recognized that felony procedures are governed by the applicable rules of criminal procedure. *See* § 16–5–205(3), 6 C.R.S. (1999) (concerning the authority of the prosecution to file informations); § 16–5–301(1)(a), 6 C.R.S. (1999) (setting forth the procedures by which a defendant must assert his or her right to a preliminary hearing and providing the timing requirements of preliminary hearings).

Our rules of criminal procedure entitle the accused to a preliminary hearing in the county court, at which time the prosecution has the burden of establishing probable cause to believe that the defendant committed the felony charged. *See* Crim. P. 5(a)(4)(I), (II). Unless the court grants a continuance for good cause, the preliminary hearing must be conducted within thirty days of the date it is requested. *See* Crim. P. 5(a)(4)(I). If the court finds probable cause at the preliminary hearing,[5] the matter is bound over to the appropriate district court for arraignment. *See* Crim. P. 5(a)(4)(III).

If the county court determines that probable cause does not exist, then the prosecution has two options under our rules of criminal procedure. First, the prosecutor may appeal the county court's ruling to the district court. *See* Crim. P. 5(a)(4)(IV). Second, the prosecutor may file a direct information in the district court charging the defendant with the same offense. *See* Crim. P. 5(a)(4)(V). Under this second option, the information "must be accompanied by a written statement from the prosecutor alleging facts which establish that evidence exists which for good cause was not presented by the prosecutor at the preliminary hearing." *Id.* The accused is then entitled to a second preliminary hearing in the district court. *See* Crim. P. 7(h)(1).

The options available to the prosecution following the dismissal of a felony complaint before a preliminary hearing has been held are, under the Rules, identical to those available to the prosecution after a preliminary hearing at which the county court finds no probable cause. Both Crim. P. 5, concerning preliminary proceedings in county court, and Crim. P. 7(c), concerning the filing of a direct information in district court, treat these two dismissals the same way:

Rule 5. Preliminary Proceedings

(a) Felony Proceedings.

. . . .

(4) Preliminary Hearing – County Court Procedures.

. . . .

(V) *Dismissal of a felony complaint following a preliminary hearing or dismissal without a preliminary hearing being held* shall not be a bar to a subsequent filing of a direct information in the district court charging the defendant with the same offense.... The information shall be accompanied by a written statement from the prosecutor alleging facts which establish that evidence exists which for good cause was not presented by the prosecutor at the preliminary hearing. Within twenty days of defendant's first appear-

---

5. In the event the defendant waives a preliminary hearing, the matter is bound over to the

district court for arraignment. *See* Crim. P. 5(a)(5).

ance following the direct filing the defendant may request an evidentiary hearing at which the prosecutor shall establish the existence of good cause for the filing of the direct information.

. . . .

Rule 7. The Indictment and the Information

. . . .

(c) Direct Information. The prosecutor may file a direct information if:

. . .

(2) *Either a preliminary hearing was held and the court found probable cause did not exist or the case was dismissed without a preliminary hearing being held.* . . . The information shall be accompanied by a written statement from the prosecutor alleging facts which establish that evidence exists which for good cause was not presented by the prosecutor at the preliminary hearing. Within twenty days of defendant's first appearance following the direct filing the defendant may request an evidentiary hearing at which the prosecutor shall establish the existence of good cause for the filing of the direct information. . . .

(Emphasis added.) Both of these rules also contain identical provisions governing infringements on a defendant's pretrial liberty interests:

If the prosecutor states an intention to refile, the bond executed by the defendant shall be continued and returnable in the district court at a day and time certain. If a bond has not been continued, the defendant shall be summoned into court without the necessity of making a new bond.

Crim. P. 5(a)(4)(V); Crim. P. 7(c)(2). Nowhere in these rules is there an exception to the procedures outlined here for cases dismissed "without prejudice."

### C.

Having determined that the State must commence a criminal prosecution in accordance with our rules of criminal procedure in order to confer jurisdiction upon a court, and having set forth the general content of those rules, we proceed to analyze what the Rules require in this case. The central issue here is our interpretation of the following two provisions from our rules of criminal procedure:

Dismissal of a felony complaint following a preliminary hearing or dismissal without a preliminary hearing being held shall not be a bar to a subsequent filing of a direct information in the district court charging the defendant with the same offense.

Crim. P. 5(a)(4)(V).

The prosecutor may file a direct information if . . . [e]ither a preliminary hearing was held and the court found probable cause did not exist or the case was dismissed without a preliminary hearing.

Crim. P. 7(c)(2).

The State argues that these rules do not provide that filing a direct information is the *only* permissible way that the State can proceed against a suspect following the dismissal of charges. Rather, the State contends, this rule merely indicates that the filing of a direct information is *one* permissible way for the State to proceed. Moreover, according to the State, dismissal prior to a preliminary hearing in the county court is not a bar to refiling in the county court.

This interpretation of our Rules is not persuasive. Without more, we are unwilling to conclude that any action not specifically prohibited has the same standing as a procedure specifically approved. Such a conclusion would destroy the harmonious scheme set forth in section 16–5–101 and our rules for commencing felony criminal actions. By way of example, when a county court dismisses a case, a prosecutor who elects to file a direct information in the district court would, under our rules, be required to present good cause for such action, to be tested at an evidentiary hearing at the defendant's request. *See* Crim. P. 5(a)(4)(V); Crim. P. 7(c)(2). However, under the State's argument, the same prosecutor who instead chose to simply refile in county court would face no such requirement. This would create the same kind of "loophole" to avoid full compliance with our rules that we disapproved of in *Chavez v. District Court,* 648 P.2d 658 (Colo. 1982).

## D.

In *Chavez*, we held that the district court acted in excess of its jurisdiction when it permitted the prosecution to file a direct information in district court after the county court had dismissed felony charges due to the prosecution's failure to comply with the thirty-day time limit for preliminary hearings. *See id.* at 660. The starting point for our analysis in *Chavez* was the requirement of section 16–5–301 that felony procedures be conducted in accordance with the applicable rules of criminal procedure promulgated by this court. *See id.* Examining the version of Crim. P. 7(c) that existed at that time,[6] we found that "[n]either Crim. P. 7(c) nor any other rule allows filing of a direct information in the district court if the charges, first filed in county court, are dismissed before a preliminary hearing for failure of the State to comply with the 30–day rule in Crim. P. 5(a)(4)(I)." *Chavez*, 648 P.2d at 660. Buttressing our analysis in *Chavez* was our recognition of the fact that the district court's action in that case gave the prosecution a loophole through which it could avoid compliance with the thirty-day requirement for preliminary hearings:

> The effect of allowing a direct filing in cases where no preliminary hearing in county court has occurred because of prosecutorial delay would be to eliminate the only compelling sanction for violation of the 30–day limit mandated by Crim. P. 5(a)(4)(I) – dismissal of the charges without an opportunity to refile in district court. As long as the People may file a direct information in district court regardless of whether they have met the 30–day requirement, there is little incentive to proceed with dispatch in county court.

*Id.*

Similarly, were we to allow the State to move to dismiss cases without prejudice only to refile them at some undisclosed later date,

the prosecutor could avoid complying with many of the procedural rules governing the commencement of criminal proceedings and protecting the citizenry from oppressive prosecutorial harassment.

By contrast, "if the People follow the statutes and rules as set out by the General Assembly and this court, their actions cannot be characterized as harassing in the constitutionally prohibited sense." *People v. Noline*, 917 P.2d 1256, 1264 (Colo.1996). It is only when the State "act[s] in bad faith by engaging in tactics which violate or seriously undermine the statutes or rules" that "such an action can constitute undue harassment and unwarranted oppression of the accused." *Id.*

## E.

Despite these concerns, the State suggests that our decision in *Noline* permits the State to follow any number of alternate procedures not set forth in Crim. P. 5 after the dismissal of a case in county court. This is hardly the case.

In *Noline*, we held that rules of criminal procedure 5 and 7 did not prohibit the State from obtaining a grand jury indictment, even after the county court had dismissed the same case, having found no probable cause at a preliminary hearing. *Id.* at 1267.

We did not hold in *Noline* that the State's options are limitless when it comes to procedures that must be followed in prosecuting felony cases following dismissal in the county court. Rather, in *Noline*, we carefully delineated the State's "three options other than dropping the charges":

> The People' can: (1) appeal the probable cause determination to the district court; (2) seek to file a direct information in the district court subject to that court's discretion; or (3) seek a grand jury indictment.

---

6. The applicable version of the rule, as quoted in *Chavez*, 648 P.2d at 660, read as follows:

> The prosecuting attorney, with the consent of the court having trial jurisdiction, may file a direct information if:
>
> (1) No complaint was filed against the accused person in the county court pursuant to Rule 5; or

> (2) A preliminary hearing was held in the county court and the accused person was discharged; or
>
> (3) The complaint upon which the preliminary hearing was held and the other records in the case have not been delivered to the clerk of the proper trial court.
>
> Crim. P. 7(c), 7B C.R.S. (1984).

*Id.* In keeping with the explicit options set forth in our rules, we summed up our holding in *Noline* by stating that "[i]n essence, presentment to the grand jury is simply an alternate route to an appeal of the county court's probable cause determination." *Id.* Such is not the case with the refiling of a complaint against a defendant in county court when the court has previously dismissed the same charges.

Instead, this tactic suggests the prosecutorial forum-shopping that we took such a strong stance against in *People v. Anderson,* 659 P.2d 1385 (Colo.1983). In that case, the State moved for a continuance on the date of the preliminary hearing in district court because of the non-appearance of an essential witness. *See id.* at 1385. Following inquiries related to the State's diligence in attempting to secure the presence of the non-appearing witness, the district court denied the State's motion for a continuance and dismissed the case. *See id.* at 1386. The prosecutor then filed "the same information later on the same day in another division of the district court," and the defendant remained in custody. *Id.* We affirmed the district court's subsequent dismissal of the case:

> There is no showing whatsoever on this record that the second filing was supported by new or additional evidence as required by Crim. P. 7(h)(5). This method of proceeding by the district attorney is totally inappropriate and is not condoned. Consistent with our decision in *Chavez v. District Court,* 648 P.2d 658 (Colo.1982), the exclusive remedy in a case which is dismissed at the preliminary hearing stage because of the denial of the People's motion for a continuance, is an appeal to the appropriate appellate court.

*Id.*

Unlike the filing of a felony complaint in the county court or a direct information in the district court, obtaining an indictment requires that a neutral entity examine the evidence for probable cause. *See* § 16–5–204(4)(j). "[T]he grand jury is a unique body with unique characteristics, some of an independent nature and, hence, should be treated as an alternate route." *Noline,* 917 P.2d at 1266.

The grand jury is also a body designed specifically to prevent prosecutorial excess. Thus, when a prosecutor seeks an indictment after unsuccessfully charging a defendant in county court with an information, the prosecutor's power is still curtailed by an independent body.

By contrast, allowing a prosecutor to refile an information in a county court that already dismissed the charges once, with no requirement that the prosecutor demonstrate good cause for the refiling, would permit oppressive consecutive prosecutorial action. Under this scenario, prosecutors could refile cases indefinitely. Thus, our holding today is in keeping with *Noline*'s recognition of the unique function of the grand jury and the necessity of following our statutes and rules in prosecuting criminal cases.

### III.

In sum, under these facts, we hold that the district court is without jurisdiction. We so hold because the State may not elect to prosecute a defendant for the same crime by filing a second information in county court when the initial information was dismissed. However, our holding today does not immunize the defendant from charges filed and brought in accordance with our Colorado Rules of Criminal Procedure; hence, the pending charges should not be dismissed with prejudice. By our holding today, we do not prohibit the State from filing charges and prosecuting a case against Chaval Williams for the same crimes through a grand jury indictment in accordance with section 16–5–204. Nor do we prohibit the filing of a direct information in the district court in accordance with Crim. P. 5(a)(4)(V) and Crim. P. 7(c).

Accordingly, we make our rule absolute. We do so because the district court does not have jurisdiction to proceed to trial on these charges under the second information filed in county court. We therefore reverse the district court's ruling and return this matter to that court with directions that it dismiss,

without prejudice, the charges currently pending against the defendant.