2013 COA 15

**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Johnnie Nicholas GARCIA, Defendant–Appellant.**

**Court of Appeals No. 10CA0320**

Colorado Court of Appeals, Div. I.

Announced February 28, 2013

---

Alamosa County District Court No. 08CR288, Honorable Martin A. Gonzales, Judge.

John W. Suthers, Attorney General, Jonathan P. Fero, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Douglas K. Wilson, Colorado State Public Defender, Ned R. Jaeckle, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by JUDGE GRAHAM

¶ 1 Defendant, Johnnie Nicholas Garcia, appeals the order of the district court concluding it had jurisdiction to accept his guilty plea. We are called upon to decide whether the failure to include a statement of good cause with the refiling of felony criminal charges in county court pursuant to Crim. P. 5(a)(4)(VII) presents a jurisdictional bar to prosecution of a defendant. Under the circumstances here, we conclude that the statement of good cause is a procedural requirement that does not implicate the court's subject matter jurisdiction, and, therefore, defendant's guilty plea waived this argument. Accordingly, we affirm.

## I. Background

¶ 2 The following facts are not in dispute. On August 28, 2008, the People filed a complaint against defendant in Alamosa County Court alleging assault in the second degree. On November 5, 2008, a preliminary hearing was called, at which time the People moved

for a continuance. The continuance was granted and a second preliminary hearing was scheduled for December 10, 2008. On December 10, the People were unable to produce witnesses, and the complaint was dismissed without prejudice.

¶ 3 On December 12, 2008, the People refiled the complaint in Alamosa County Court. Defendant waived his right to a preliminary hearing and on April 6, 2009, he pled guilty to felony menacing in Alamosa District Court. On April 14, 2009, defendant filed a motion to withdraw his guilty plea, arguing the court lacked subject matter jurisdiction over his case and guilty plea pursuant to *People v. Williams*, 987 P.2d 232 (Colo.1999).

¶ 4 The district court denied defendant's motion, finding this case factually distinct from *Williams* and concluding it had subject matter jurisdiction over defendant's case to accept his guilty plea.

¶ 5 On appeal, defendant argues two positions: (1) that *Williams* controls our analysis and, therefore, the court lacked subject matter jurisdiction; and (2) that the People's failure to file a statement of good cause pursuant to Crim. P. 5(a)(4)(VII) prevented the court from gaining subject matter jurisdiction over this case.

## II. Standard of Review

¶ 6 A challenge to a court's jurisdiction raises a question of law, which we review de novo. *People v. Efferson*, 122 P.3d 1038, 1040 (Colo.App.2005).

## III. *Williams* and Crim. P. 5

¶ 7 In *Williams*, 987 P.2d at 233, the supreme court held that "the State may not refile criminal charges in county court that ha[ve] previously been dismissed by that court."

¶ 8 In *Williams*, the defendant was charged in county court with attempted first degree murder and other crimes. *Id.* The State moved to dismiss the charges without prejudice prior to a preliminary hearing based upon its inability to locate the principal witness and victim. *Id.* Several months later, after locating the victim, the People refiled the original charges in county court.

*Id.* at 233–34. On the date of the rescheduled preliminary hearing, the defendant objected, arguing the county court lacked subject matter jurisdiction over the case. *Id.* at 234. The county court denied the motion, conducted the preliminary hearing and bound the defendant over to the district court. *Id.*

¶ 9 On appeal, the supreme court determined that after a felony criminal action has been brought in county court and dismissed prior to a preliminary hearing, the prosecution has three options to refile the same action: (1) the prosecutor may appeal the county court's ruling to the district court; (2) the prosecutor may file a direct information in the district court charging the defendant with the same offense; and (3) the prosecutor may seek a grand jury indictment. *Id.* at 235, 237 (citing Crim. P. 5, 7). Because these three options were the only options then authorized by statute and rule, the court concluded that refiling the charges against the defendant in county court deprived the district court of jurisdiction. *Id.* at 238.

¶ 10 Here, defendant argues that he was subject to the same procedures as the defendant in *Williams* and, therefore, *Williams* requires that the case against him be dismissed.

¶ 11 However, after *Williams* was decided, the supreme court amended Crim. P. 5(a)(4)(VII) to authorize refiling of the same offense in county court. Crim. P. 5(a)(4)(VII) now reads:

> If a felony complaint is dismissed prior to a preliminary hearing being held when one is required or, in other cases, prior to being bound over, the prosecution may thereafter file a direct information in the district court pursuant to Rule 7(c)(4) charging the same offense(s), *file a felony complaint in the county court charging the same offense(s)*, or submit the matter to a grand jury. If the prosecution files a subsequent felony complaint charging the defendant with the same offense(s), the felony complaint shall be accompanied by a written statement from the prosecutor providing good cause for dismissing and refiling the charges. Within 21 days of defendant's first appearance following the filing

of the new felony complaint the defendant may request an evidentiary hearing at which the prosecutor shall establish the existence of such good cause.

(Emphasis added.) Consequently, the prosecutor here was authorized by rule to refile the charges against defendant in county court and, therefore, the district court had subject matter jurisdiction to accept his guilty plea.

## IV.   Statement of Good Cause

¶ 12 Nonetheless, defendant further contends that the prosecutor's failure to include a written statement of good cause for dismissing and refiling the charges deprived the county court of subject matter jurisdiction, and, thus, his subsequent guilty plea is void. We disagree.

¶ 13 Crim. P. 5(a)(4)(VII) states in pertinent part that "[i] f the prosecution files a subsequent felony complaint charging the defendant with the same offense(s), the felony complaint shall be accompanied by a written statement from the prosecutor providing good cause for dismissing and refiling the charges." In *Williams*, the supreme court stated that "[s]ince filing a felony complaint in accordance with the law vests the county court with jurisdiction over the action, an improperly filed complaint necessarily fails to establish jurisdiction." 987 P.2d at 235. We, therefore, must decide whether the prosecution's failure to file the statement of good cause created "an improperly filed complaint" depriving the county court of jurisdiction.

¶ 14 "The filing of an information or complaint in the district court by the district attorney gives the court subject matter jurisdiction of the offense charged." *Secrest v. Simonet*, 708 P.2d 803, 806 (Colo.1985) (citing *Laffey v. People*, 55 Colo. 575, 136 P. 1031 (1913)); *cf. Williams*, 987 P.2d at 235.

¶ 15 The physical presence of the defendant in court confers jurisdiction over the person. *Bell v. Bower*, 199 Colo. 195, 196, 606 P.2d 74, 74 (1980). "It is clearly established that once jurisdiction over the person of the accused is established in a criminal case, the court before which he is arraigned has power to adjudicate the questions raised by the charge and the pleas entered thereon." *De Baca v. Trujillo*, 167 Colo. 311, 314, 447 P.2d 533, 535 (1968).

¶ 16 "A court's acquisition of subject matter and personal jurisdiction depends on facts existing at the time jurisdiction is invoked." *Secrest*, 708 P.2d at 807.

¶ 17 We conclude that the prosecutor's failure to file a statement of good cause is not a jurisdictional defect, but, instead, a procedural defect which defendant waived when he pled guilty.

¶ 18 Subject matter jurisdiction in criminal courts is established by the filing of an information or complaint. *Id.* at 806. Here, the information properly charged the offense, vesting subject matter jurisdiction in the county court, pending the matter being bound over to the district court. *See Laffey*, 55 Colo. at 577, 136 P. 1031 at 1032 (an information properly charging an offense creates subject matter jurisdiction); *cf. People v. Thompson*, 736 P.2d 423, 424–25 (Colo. App.1987) (a defendant may waive a showing of good cause for continuance of a preliminary hearing under Crim. P. 5(a)(4)(I) and therefore, that requirement is nonjurisdictional). While the People failed to include a statement of good cause, this failure did not deprive the court of its jurisdiction over the properly charged offense. Rather, the failure was one which entitled defendant to have the proceedings corrected, but which he waived when he pled guilty. *See Laffey*, 55 Colo. at 577, 136 P. 1031 at 1032 ("The objections urged were of a character which, if properly interposed in apt time, entitled the defendant to have the defects in the proceedings corrected, but such defects were not jurisdictional in the sense that they could not be waived."); *People v. Butler*, 251 P.3d 519, 520 (Colo.App.2010) ("A valid, unconditional guilty plea waives all nonjurisdictional objections, including allegations that constitutional rights have been violated.").

¶ 19 In concluding that the good cause requirement is not jurisdictional, we rely upon *Holmes v. District Court*, 668 P.2d 11 (Colo.1983), and *Borg v. District Court*, 686 P.2d 781 (Colo.1984), which fashioned the

good cause requirement that was eventually drafted into Crim. P. 5. *See* 14 Robert J. Dieter & Nancy J. Lichtenstein, *Colorado Practice Series, Criminal Practice and Procedure* § 7.12 (2d ed. 2004) ("The Rules require that the information be accompanied by a written statement alleging facts 'which establish that evidence exists which for good cause was not presented by the prosecutor at the preliminary hearing.' This requirement formalizes prior court decisions holding that when seeking to refile identical charges upon a direct information in district court, there must be sufficient evidentiary disclosure made to the district court to determine if refiling of identical charges is warranted." (footnote omitted) (quoting and citing Crim. P. 5(a)(4)(V), 7(c)(2))). Because this standard was created by the judiciary, we perceive no reason to believe this standard was meant to place a jurisdictional bar on the court. Instead, the supreme court in *Holmes* and *Borg* created a rule to test the veracity of the prosecution in dismissing and refiling criminal complaints. *Holmes,* 668 P.2d at 14 ("the district court is required to balance the right of the district attorney to prosecute criminal cases against the need to protect the accused from discrimination and oppression"); *accord Borg,* 686 P.2d at 783. Thus, we conclude this rule is procedural, not jurisdictional.

¶ 20 Nor do we believe our conclusion conflicts with the holding in *Williams.* The court in *Williams* focused on the ways in which the State could refile a case against a criminal defendant. While the case mentions the good cause requirement, it is not the focus of the opinion and is used as an example to show why refiling would be inappropriate in county court, which, as discussed above, is no longer the law in Colorado. *See* Crim. P. 5(a)(4)(VII); *Williams,* 987 P.2d at 236.

¶ 21 Defendant argues that requiring him to object to the prosecution's failure to file a statement of good cause would be unjust because the People failed to do the act which would alert him to his rights under Crim. P. 5 to test that good cause statement. Here, defendant was represented by counsel who is expected to know the rules of criminal proce-

dure. *See* Colo. RPC 1.1 cmt. 5; *Cropper v. People,* 251 P.3d 434, 438 (Colo.2011) ("[A]n attorney is expected to know the applicable rules of procedure.").

¶ 22 We can foresee a situation where a defendant would object to being bound over to the district court because the prosecution failed to file a statement of good cause, but this is not the situation we have here. Here, after the charges were refiled in county court, defendant, through counsel, waived his right to a preliminary hearing, was bound over to the district court, and entered a guilty plea in exchange for a reduction in the charge. Thus, under the circumstances here, we conclude that the prosecution's failure to file a statement of good cause was waived by defendant's guilty plea.

¶ 23 The order is affirmed.

JUDGE TAUBMAN and JUDGE HAWTHORNE concur.