24CA0837 Peo v Jacobs 05-29-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA0837
El Paso County District Court No. 21CR7135
Honorable Jill M. Brady, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Roger Lee Jacobs,

Defendant-Appellant.

ORDER AFFIRMED

Division VII
Opinion by JUDGE HAWTHORNE*
Lipinsky and Pawar, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced May 29, 2025

Philip J. Weiser, Attorney General, Austin R. Johnston, Assistant Attorney
General, Denver, Colorado, for Plaintiff-Appellee

Roger Lee Jacobs, Pro Se

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art.
VI, § 5(3), and § 24-51-1105, C.R.S. 2024.

¶ 1    Roger Lee Jacobs, defendant, appeals the district court's order denying his pro se postconviction motion without a hearing.  We affirm.

## I.    Background

¶ 2    The prosecution charged Jacobs in a complaint and information with four felonies — internet luring of a child, criminal attempt to commit sexual assault on a child, and two counts of habitual sexual offender against children.  As part of a plea agreement, Jacobs pleaded guilty to internet luring of a child, *see* § 18-3-306(1), (3), C.R.S. 2024, and the prosecution dismissed the remaining charges.

¶ 3    The district court accepted Jacobs's guilty plea and sentenced him to three years to life in the Department of Corrections' custody.

¶ 4    Jacobs then filed a pro se postconviction "motion to vacate, set aside, and/or dismiss for want/or [sic] lack of subject matter jurisdiction and/or personal jurisdiction."  The district court denied the motion in a written order without holding a hearing.  The court concluded that (1) it had subject matter jurisdiction "over the case, as well as [Jacobs's] plea and sentencing"; (2) it had personal jurisdiction over Jacobs; and (3) to the extent Jacobs raised other

1

arguments, including that "he [was] unlawfully detained" and "the laws applicable to this case [were] invalid," those arguments were "denied as unclear, vague and conclusory."

## II.    Timeliness

¶ 5    As an initial matter, we reject the People's contention that Jacobs's notice of appeal was untimely because he filed it eighty-five days beyond the forty-nine-day deadline set by C.A.R. 4(b)(1). We ruled in a June 11, 2024, order that Jacobs's notice was timely because he was not properly served with the district court's final order until May 1, 2024, and he filed the notice nine days later.  *See* C.A.R. 26(c); *cf. People v. Parks*, 2021 COA 61, ¶ 9 (holding that good cause existed to accept an untimely appeal because the district court failed to properly serve the final order on the pro se defendant).

## III.    Standard of Review

¶ 6    Because Jacobs's pro se postconviction motion alleges that the district court entered judgment against him without jurisdiction and his conviction violated Colorado's constitution, we construe it as a Crim. P. 35(c) motion.  *See* Crim. P. 35(c)(2)(I), (III); *People v. Cali,* 2020 CO 20, ¶ 34 ("[W]e will broadly construe a pro se

2

litigant's pleadings to effectuate the substance, rather than the form, of those pleadings . . . ."); *cf. People v. Collier*, 151 P.3d 668, 670 (Colo. App. 2006) ("The substance of a postconviction motion controls whether it is designated as a Crim. P. 35(a) or 35(c) motion.").

¶ 7     Under Rule 35(c), a court must review, among other things, whether a motion "fails to state adequate factual or legal grounds for relief" or "states legal grounds for relief that are not meritorious." Crim. P. 35(c)(3)(IV).  "A Crim. P. 35(c) motion may be denied without a hearing if the motion, files, and record clearly establish that the defendant is not entitled to relief." *People v. Melendez*, 2024 COA 21M, ¶ 12 (quoting *People v. Venzor*, 121 P.3d 260, 262 (Colo. App. 2005)).  "Likewise, if the claims are bare and conclusory in nature, and lack supporting factual allegations, the motion may also be denied without a hearing." *Venzor*, 121 P.3d at 262.

¶ 8     We review a district court's summary denial of a Rule 35(c) motion de novo.  *Cali*, ¶ 14.

## IV.   Jurisdiction

¶ 9     Jacobs contends that the district court erred by ruling that it had jurisdiction over his case.  He argues that the court lacked

jurisdiction because (1) the prosecution did not seek a grand jury indictment; (2) the charging document was of unknown authority; and (3) the court did not have personal jurisdiction over him.[1]  We disagree.

### A.    Legal Standards

¶ 10    "A court's 'jurisdiction' concerns its 'power to entertain and to render a judgment on a particular claim.'"  *People v. C.O.*, 2017 CO 105, ¶ 21 (quoting *In re Estate of Ongaro*, 998 P.2d 1097, 1103 (Colo. 2000)).  "A judgment rendered without jurisdiction is void, and may be attacked directly or collaterally."  *Id.*

¶ 11    A court's jurisdiction generally consists of subject matter jurisdiction and personal jurisdiction.  *See id.* at ¶ 22.  "'[S]ubject matter jurisdiction' concerns the court's authority to deal with the *class* of cases in which it renders judgment, not its authority to enter a particular judgment within that class."  *Id.* at ¶ 24; *see also Wood v. People*, 255 P.3d 1136, 1140 (Colo. 2011).  "Personal jurisdiction is the court's power to subject a particular defendant to

---

[1] While at times Jacobs uses broad language about the Colorado Revised Statutes, we understand his contentions as directed at the statute of conviction, section 18-3-306(1), (3), C.R.S. 2024.

the decisions of the court." *People v. Jones*, 140 P.3d 325, 328 (Colo. App. 2006).

¶ 12     We review questions of jurisdiction de novo. *See People v. Wunder*, 2016 COA 46, ¶ 9 (subject matter jurisdiction); *Jones*, 140 P.3d at 326 (personal jurisdiction).

## B.     Grand Jury Indictment

¶ 13     Jacobs contends that he "didn't waive his indictment and/or grand jury investigation due process rights," and thus, "the prosecutor and [Jacobs's] then lawyer stripped him of his vital constitutional rights, his preliminary hearing and grand/jury investigation." Having not been indicted by a grand jury, Jacobs argues that "the criminal court did not have lawful jurisdiction over the subject matter" because "[w]ithout a valid indictment any judgment or sentence rendered is, void ab initio."

¶ 14     This argument lacks an adequate legal foundation. While the district courts have original jurisdiction over all criminal cases generally, *see* Colo. Const. art. VI, § 9, "[s]ubject matter jurisdiction must be properly invoked before the district court[s] can act," *People v. Sims*, 2019 COA 66, ¶ 15. To that end, the Colorado Constitution states that, "[u]ntil otherwise provided by law, no

person shall, for a felony, be proceeded against criminally otherwise than by indictment." Colo. Const. art. II, § 8. And section 16-5-101(1), C.R.S. 2024, *otherwise provides* that the prosecution may alternatively commence a prosecution by filing an information or complaint. *Cf. People v. Gardner*, 250 P.3d 1262, 1270 (Colo. App. 2010) ("The Colorado Constitution does not guarantee a grand jury indictment for a felony charge."). In other words, "[i]n a criminal case, the court's jurisdiction is invoked by the filing of a legally sufficient complaint, information, *or* indictment." *Sims*, ¶ 15 (emphasis added).

¶ 15 So Jacobs's claim fails because, even without a grand jury indictment, the district court had both (1) general jurisdiction over the criminal proceedings, *see* Colo. Const. art. VI, § 9; and (2) subject matter jurisdiction invoked by the prosecution's filing of the complaint charging Jacobs with four felonies, *see Sims*, ¶ 15.

## C.   Unknown Authority

¶ 16 Jacobs contends that the district court also lacked subject matter jurisdiction because the complaint was defective for having "unknown or questionable" authority. Jacobs asserts that the Colorado Revised Statutes, which the complaint cites, "'is [sic] not

6

the law' of the legislature," was "not enacted in the mode intended by the term of the Constitution," and "appear to be nothing more that [sic] a reference book." Jacobs argues that "[t]he contents of such reference books 'cannot' be used as law in charging citizens with crimes on a presentment or indictment or complaints and informations."

¶ 17    This argument misses the mark because the "reference book" is an approved publication that, by law, provides the authority for the charges brought against Jacobs in the complaint. Specifically, "[t]he Colorado Revised Statutes are the official compilation of the Session Laws of Colorado, the latter containing the official publication of the enactments of the General Assembly." *People v. Washington*, 969 P.2d 788, 789 (Colo. App. 1998); *see also* Colo. Const. art. XVIII, § 8; § 24-70-223(1), C.R.S. 2024; §§ 2-5-101, -126, C.R.S. 2024. As an official compilation, the Colorado Revised Statutes must provide the source of authority for each statute by reference to the Session Laws. *See Washington*, 969 P.2d at 789 (noting that the Colorado Revised Statutes are "required to include references to the Session Laws to permit a researcher to locate the source legislation"); *accord People v. Summers*, 208 P.3d

7

251, 259 (Colo. 2009). As pertinent to the charges in the complaint, the Colorado Revised Statutes correctly cite the applicable Session Laws.[2] *See* § 18-3-306; § 18-3-405, C.R.S. 2024 (sexual assault on a child); § 18-2-101, C.R.S. 2024 (criminal attempt); § 18-3-412, C.R.S. 2024 (habitual sex offender against children).

¶ 18     Therefore, Jacobs's contention fails because the Colorado Revised Statutes officially and accurately establish the sources of authority for the complaint. *See Washington*, 969 P.2d at 789; *cf.* § 2-5-118(1)(a), C.R.S. 2024 ("[The Colorado Revised Statutes] shall be the only publication of the statutes entitled to be considered as evidence in Colorado courts . . . .").

### D.     Personal Jurisdiction

¶ 19     To the extent Jacobs challenges the district court's personal jurisdiction over him, such challenges lack factual bases because the record shows that the criminal acts and the case's proceedings occurred in El Paso County, Colorado. *See* § 18-1-201, C.R.S.

---

[2] By way of example, section 18-3-306 cites the following Session Laws for its sources of authority: "Source: L. 2006: Entire section added, p. 2055, § 4, effective July 1. L. 2007: (1) and (2) amended, p. 1688, § 8, effective July 1; L. 2009: (1) amended, (HB 09-1132), ch. 341, p. 1792, § 2, effective July 1."

2024; *People v. Vigil*, 983 P.2d 805, 809 (Colo. App. 1999) ("Criminal jurisdiction over felonies committed in the state generally extends to all district courts in the state."); *People v. Garcia*, 2013 COA 15, ¶ 15 ("The physical presence of the defendant in court confers jurisdiction over the person.").

¶ 20     Because Jacobs's arguments lack adequate factual and legal grounds, the district court did not err by dismissing his jurisdictional claims.  *See* Crim. P. 35(c)(3)(IV).

## V.     Constitutionality

¶ 21     Jacobs contends that his conviction under section 18-3-306 is void because the statute is invalid for violating the Colorado Constitution's (1) enactment clause and (2) title requirement.[3]  We are not persuaded.

## A.     Legal Standards

¶ 22     "A statute is presumed to be constitutional; the challenging party bears the burden of proving its unconstitutionality beyond a reasonable doubt."  *Dean v. People*, 2016 CO 14, ¶ 8.  "[I]f the

---

[3] We respectfully disagree with the district court that Jacobs's contentions about "the laws applicable to this case [being] invalid" were prohibitively unclear, vague, or conclusory.  So we will address them.

language in a statute is clear and unambiguous, we give effect to its plain meaning and look no further." *Cowen v. People*, 2018 CO 96, ¶ 12.

¶ 23 We review issues of statutory and constitutional interpretation de novo. *Kazadi v. People*, 2012 CO 73, ¶ 11 (statutory interpretation); *Salah v. People*, 2024 CO 54, ¶ 19 (constitutional interpretation).

### B. Enacting Clause

¶ 24 The Colorado Constitution provides, "The style of the laws of this state shall be: 'Be it enacted by the General Assembly of the State of Colorado.'" Colo. Const. art. V, § 18.

¶ 25 Jacobs contends that section 18-3-306 is void as unconstitutional because it lacks such an enacting clause in the Colorado Revised Statutes. He argues that the constitution "prescribes an enacting clause for all laws" and "not just bills without the Legislature. But on published laws, as well." Thus, according to Jacobs, "a law in a statute book without an enacting clause is not a valid publication of law." He also asserts that "the enacting clause must be readily visible 'on it's [sic] face' of a statute in common mode in which it is published" and "cannot be hidden

away in the Session Laws or other records or books." So he concludes, "The purported laws in the complaint . . . referenced to various laws/or statutes found printed in the 'Colorado Revised Statute books[']" are unconstitutional because there is "no enacting clause for any of these alleged laws/or statutes."[4]

¶ 26    We reject this argument. In *People v. Washington*, another division of this court addressed the same argument and concluded there was no constitutional violation:

> Because each section in the statutory compilation is required to cite to its underlying source legislation pursuant to § 2-5-102(1)(a),[ C.R.S. 1998,] because the act adopting the statutory compilation itself contains the proper enacting clause, and because § 2-5-118[, C.R.S. 1998,] does not preclude introduction of the Session Laws into evidence to prove or challenge the validity of a legislative enactment, we hold that the enacting clause as published in the Session Laws of Colorado satisfies the mandate of Colo. Const. art. V, § 18 and its underlying policy. Consequently, *the omission of the enacting clause from the Colorado Revised Statutes does not render the statutes unconstitutional,* and there was no

---

[4] We presume Jacobs makes this argument as an alternative to his contention that the Colorado Revised Statutes are "nothing more that [sic] a reference book" of unknown authority. *See Jones v. Williams*, 2019 CO 61, ¶ 5 ("Pleadings by pro se litigants must be broadly construed . . . .").

> constitutional deficiency in defendant's conviction.

969 P.2d at 790 (emphasis added); *see also* § 2-5-102(1)(a), C.R.S. 2024; § 2-5-118, C.R.S. 2024.

¶ 27    We deem the *Washington* division's reasoning sound and apply it here.  Section 18-3-306 is not rendered unconstitutional merely because it has no enacting clause shown in the Colorado Revised Statutes.  *See Washington*, 969 P.2d at 790.  Because the Session Laws pertinent to section 18-3-306 contain enacting clauses, Jacobs's contention is without merit.  *See* Ch. 362, sec. 4, § 18-3-306, 2006 Colo. Sess. Laws 2055-56 (enactment); Ch. 383, sec. 8, § 18-3-306, 2007 Colo. Sess. Laws 1688-89 (amendment); Ch. 341, sec. 2, § 18-3-306, 2009 Colo. Sess. Laws 1792-93 (amendment).

### C.    Title

¶ 28    The Colorado Constitution states that "[n]o bill . . . shall be passed containing more than one subject, which shall be clearly expressed in its title."  Colo. Const. art. V, § 21.  Jacobs asserts that "[t]he alleged statute(s)/law(s) that [he] was charge[d] under and convicted of contain no titles," and "[t]he complete omission of

12

a title is about as substantial and plain a violation of this constitution provision as can exist."

¶ 29     This argument lacks any factual basis because the Session Law enacting section 18-3-306 contains a title. *See* Sec. 1, 2006 Colo. Sess. Laws at 2054 ("AN ACT CONCERNING CHILD EXPLOITATION OFFENSES, AND MAKING AN APPROPRIATION IN CONNECTION THEREWITH").  And to the extent Jacobs intends his argument to extend to the Colorado Revised Statutes, section 18-3-306 in the Colorado Revised Statutes (as well as in the complaint) also contains a title.  *See* § 18-3-306 ("Internet luring of a child"); *see also* Sec. 4, § 18-3-306, 2006 Colo. Sess. Laws at 2055 ("Internet luring of a child.").

¶ 30     Because Jacobs's arguments are legally and factually inadequate, we affirm the district court's order summarily dismissing his postconviction motion.  *See* Crim. P. 35(c)(3)(IV); *People v. Chase*, 2013 COA 27, ¶ 17 (An appellate court "may affirm a [district] court's ruling on grounds different from those employed by that court, as long as they are supported by the record.").

## VI. Other Claims

¶ 31 We do not address Jacobs's remaining contentions regarding (1) "false arrest and wrongful imprisonment"; (2) "false imprisonment"; (3) "prosecut[ion] under false pretense or pretext"; and (4) "an illegal plea agreement" because he neither provides authority for these arguments nor develops them. *See* C.A.R. 28(a)(4), (7)(B); *People v. Liggett*, 2021 COA 51, ¶ 53, *aff'd*, 2023 CO 22; *Barnett v. Elite Props. of Am., Inc.*, 252 P.3d 14, 19 (Colo. App. 2010) ("We will not consider a bald legal proposition presented without argument or development.").

## VII. Disposition

¶ 32 The district court's order is affirmed.

JUDGE LIPINSKY and JUDGE PAWAR concur.